OTIS M. SMITH, J., took no part in the decision of this case.

---

### SMITH v. SMITH.

1. PARENT AND CHILD—FORFEITURE OF CUSTODY OF CHILDREN.
   Parents should not be deprived of the custody of their children without extremely good cause, but when parents violate the rights of the children the parents forfeit their right to custody.

2. DIVORCE—CUSTODY OF CHILD—DISCRETION OF COURT.
   Trial court in suit for divorce *held,* not to have abused his discretion in awarding custody of 5-year-old daughter of the parties to the friend of the court with possession in maternal grandparents, where mother had admittedly engaged in adulterous conduct, and although father, a citizen of Uruguay, had been awarded the decree of divorce, the record is such as to give rise to the thought he may be leaving the country permanently.

Appeal from Washtenaw; Breakey, Jr. (James R.), J. Submitted June 9, 1961. (Docket No. 52, Calendar No. 48,979.) Decided December 1, 1961.

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, Parent and Child §§ 10, 11, 15–17.
[2] 17A Am Jur, Divorce and Separation §§ 820, 821, 832.

Bill by Ellanor H. Smith against Willy Smith, also known as Washington Smith, for divorce because of extreme and repeated cruelty with cross bill on similar ground. Decree for defendant on cross bill with provision for custody of minor child in friend of the court and residence with maternal grandparents. Defendant appeals in respect to custody of child. Affirmed.

*Carpenter, Harrington & Douvan* (*Arthur E. Carpenter,* of counsel), for plaintiff.

*James O. Kelly,* for defendant.

KELLY, J. Defendant husband was granted a divorce after plaintiff wife admitted adultery. No property settlement is involved. Defendant appeals because he was not awarded custody of the 5-year-old daughter. The court, after an extensive hearing, entered a decree that the court would retain custody of the child, stating in said decree:

"That the Washtenaw county friend of the court be and she hereby is awarded the care, custody, and control of the minor child of the parties, Patricia Joyce Smith, with possession of said child hereby granted to Fred Hamil and Marguerite Hamil, maternal grandparents, until said child shall attain the age of 18 years or until further order of this court; the court expressly reserving jurisdiction over the educational requirements of said child until she shall attain the age of 21 years."

The parties to this appeal were both students at the University of Michigan. Both admit intimate relationship previous to marriage and defendant claims, but plaintiff denies, that the marriage followed plaintiff's announcement that she was pregnant. Defendant, a citizen of Uruguay, had been previously married and divorced.

Plaintiff claims that her adulterous conduct was due to the fact that she was driven to this course of action by defendant, who constantly ridiculed her appearance, associated freely and engaged in adulterous relations with other women, even on their honeymoon and, also, in their home, and that he told plaintiff he did not love her.

Defendant admitted referring to his wife as "ugly" but stated that this was a colloquialism implying the opposite of its literal meaning. Defendant denied his wife's accusation of infidelity.

Plaintiff's father, a Wayne State University professor, testified that defendant made fun of his daughter's face, humiliated her in front of people, and wouldn't give her any money. He further stated that since his daughter had come home to live with him and her mother she had not been associating with men; that she took good care of the child, and was a good mother.

We quote the following from the opinion of the lower court:

"The court is mindful of all of that testimony, but he feels there has been shown sufficient grounds for the granting of a divorce to the cross plaintiff—even though the court on the record is of the opinion that the plaintiff is a proper object of sympathy and pity.    *    *    *

"The record tends to give rise to the hint that the father may be leaving this country or is intending to leave the country at some future time—possibly permanently, although it is not clear in that regard, but the court is going to see to it that this child has its full opportunities under the laws of the United States and the State of Michigan to retain its American citizenship.

"On the record, the court considers that neither parent at the present time should have the custody of the child. The court is not finding at this time that either parent is an improper person to have

the custody, but the court does not feel that either one at this time is the proper person to have the custody. That may seem almost paradoxical—but that is the feeling of the court, after seeing this father and seeing this mother and seeing the grandfather."

This Court has recently discussed at considerable length the rights of parents to have custody of their children and pointed out there should be no deprivation of custody without extremely good cause. *Herbstman* v. *Shiftan,* 363 Mich 64; *Paton* v. *Paton,* 363 Mich 192. In those cases the Court pointed out the natural and statutory rights of parents. It recognized, however, the rights of children and pointed out that when parents violate the rights of the children, they forfeit their right to custody.

The record in the instant case discloses actions on the part of the mother that might well deprive the child of a suitable home in which to be brought up, particularly the admitted adulterous conduct of the mother.

The record also discloses there was constant quarreling between the parents in the home and that defendant frequently called plaintiff names and made disparaging remarks about her in the presence of friends and the child. Presumably the court found that this deprived the child of the right to a proper environment.

The record further gives rise to the thought that the father may be leaving the country permanently so as to deprive the child of the full opportunity to develop her citizenship under the laws of the United States should he be given custody.

The lower court did not make a finding that either parent is an improper person to have the permanent custody of the child, but merely that they are improper persons at the present time to have such custody. These facts might constitute, and appar-

ently in the judgment of the trial court did constitute, an exception to the general rule that parents are entitled to the custody of their children. We cannot say the lower court's provision with reference to custody of the child constituted an abuse of discretion.

It is not necessary to cite the numerous decisions in which we have stated that while we hear chancery cases *de novo* we give great weight to the trial court's finding of facts because of the court's opportunity to hear and see the witnesses. Particularly is this true when father and mother battle over custody of their child.

The record discloses the most careful consideration by the trial court as to what should be done for the best interests of the daughter and does not justify the conclusion by this Court that the trial court abused his discretion in awarding custody to the friend of the court with possession in the maternal grandparents.

The decree is affirmed, and plaintiff's request for attorney fees and costs is remanded to the circuit court for determination.

Affirmed. Costs to plaintiff.

BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred with KELLY, J.

DETHMERS, C. J., and CARR, J., concurred in result.

OTIS M. SMITH, J., took no part in the decision of this case.