## CHUPP v. CHUPP

1. DIVORCE—CHILD CUSTODY—DISCRETION—APPEAL AND ERROR.

The Court of Appeals will give great weight to the fact findings of the trial court in determining whether that court abused its discretion in providing for custody of children of divorced parents.

2. DIVORCE—CHILD CUSTODY—THIRD PARTY—DISCRETION.

Trial court did not abuse its discretion by allowing the divorced parties' children to live in the homes of third parties where the record showed that the court had approved those living arrangements which the parties had selected of their own accord before the hearing and, after talking with the children, had decided that the selected living arrangements were in the children's best interests.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 868.
    24 Am Jur 2d, Divorce and Separation § 779.
[2] 24 Am Jur 2d, Divorce and Separation §§ 789, 790.
    Child's wishes as factor in awarding custody. 4 ALR3d 1396.

Appeal from St. Joseph, Mark S. Andrews, J. Submitted Division 3 May 7, 1969, at Grand Rapids. (Docket No. 5,971.)   Decided August 28, 1969.

Petition by Dorothy Chupp against Samuel Chupp to modify the child custody provisions of a divorce judgment.   Judgment modified to place custody of children with the friend of the court.   Plaintiff appeals.   Affirmed.

*Bucknell & Gergely,* for petitioner.

*Bush & Bush,* for defendant.

Before: J. H. Gillis, P. J., and R. B. Burns and V. J. Brennan, JJ.

J. H. Gillis, P. J.   Pursuant to a divorce judgment, defendant husband was awarded custody of the parties' four minor children.   Plaintiff thereafter filed a petition to modify the judgment of divorce, requesting that the care, custody and control of the children be placed with her.   On recommendation of the friend of the court, the judgment of divorce was modified and LaMar, 15, and Larry, 13, were allowed to live with their older brother and his wife.   Norma, 17, was to live with another couple and Sharon, 11, was to live with plaintiff.   Custody of all four children was to remain with the friend of the court.

Plaintiff contends on appeal that the court abused its discretion by awarding custody of the children to a third party in preference to their mother.   Plaintiff bases her contention on the fact that there was no finding by the trial court that she was an unfit mother.   Plaintiff, in support of her position, refers to the testimony of eight witnesses who testified as

to the good moral character of plaintiff, the cleanliness with which she kept her house and her children and her concern for the physical and mental wellbeing of her children.

After a careful review of the record, we are not persuaded that the trial court abused its discretion. After the divorce, for some unexplained reason plaintiff continued to reside with defendant and the children. With the attendant discord and ill will, we agree with the trial court's observation that such an arrangement demonstrated a primary concern by neither plaintiff nor defendant for the welfare of the children. Moreover, the residences as approved by the trial court were not arbitrarily determined, but were those which the parties involved had chosen of their own accord before the hearing. The trial court talked with all three children who were not living with plaintiff and decided that the continuation of the voluntary arrangements was in the best interest of each. This is a proper case for us to give great weight to the findings of the trial court. *Smith* v. *Smith* (1961), 365 Mich 122.

Affirmed. Costs to appellee.

All concurred.