LONGHI v LONGHI

Docket No. 61873. Submitted June 15, 1982, at Detroit.—Decided August 25, 1982.

Plaintiff, Karen M. Longhi, was granted a divorce from defendant, Dennis W. Longhi, Wayne Circuit Court, Charles Kaufman, J. The judgment of divorce awarded joint custody of the parties' two minor children, with physical custody in the plaintiff. Defendant petitioned for a change in custody and plaintiff counter-petitioned for termination of the joint custody. Following a hearing, the court entered an order continuing joint legal custody and transferring physical custody to the defendant. Plaintiff appealed. *Held:*

The record reveals no basis for a finding that the trial court made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. The trial court complied with the applicable court rule and with the Child Custody Act.

Affirmed.

PARENT AND CHILD — CHILD CUSTODY — APPEAL.

The Court of Appeals reviews child custody cases *de novo;* however, the trial court's determination should be affirmed unless the court made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

*Monash & Monash, P.C.,* for plaintiff.

*Leonard Lemberg, P.C.* (by *Richard G. Partrich),* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error § 136.
5 Am Jur 2d, Appeal and Error §§ 772, 787, 839.
24 Am Jur 2d, Divorce and Separation § 779.

Before: V. J. BRENNAN, P.J., and D. C. RILEY and
V. R. PAYANT,* JJ.

V. J. BRENNAN, P.J. Plaintiff appeals as of right
from a November 23, 1981, order of the trial court
which modified a custody provision in a judgment
of divorce and a December 14, 1981, order which
denied plaintiff's motion for rehearing.

Plaintiff, Karen Longhi, and defendant, Dennis
Longhi, were married on April 3, 1970. Two chil-
dren were born during the course of the marriage:
the first child on October 3, 1975, and the second
child on January 18, 1978. The plaintiff com-
menced her divorce action on April 3, 1979.

On March 20, 1981, the trial court entered the
judgment of divorce. The parties were awarded
joint custody of the two minor children, but the
plaintiff was to have physical custody of the chil-
dren.

On March 13, 1981, prior to the entry of the
judgment of divorce, defendant petitioned for a
change of custody. Thereafter, plaintiff counter-
petitioned for termination of joint custody. After a
hearing, the trial court concluded that joint legal
custody should continue, but that physical custody
should be transferred to the defendant's home.

On appeal, plaintiff seeks review of the trial
court's decision.

This Court reviews child custody cases *de novo.*
However, the trial court's determination should be
affirmed unless the court made findings of fact
against the great weight of the evidence or com-
mitted a palpable abuse of discretion or a clear
legal error on a major issue. MCL 722.28; MSA
25.312(8); *DeGrow v DeGrow,* 112 Mich App 260,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

265; 315 NW2d 915 (1982). The trial court is granted extremely broad powers in custody cases. *Blaskowski v Blaskowski,* 115 Mich App 1; 320 NW2d 268 (1982).

After reviewing the record and the briefs of the parties, we find no basis for reversing the trial court's determination.

The trial court found that the children perceived their custodial environment as encompassing the homes of both parents. Emphasizing that, "I don't want to make any traumatic change of custody", the trial court concluded that joint custody should remain in effect, but that the defendant would have physical custody of the children with plaintiff receiving extensive visiting rights. Further, the trial court indicated that this was an experimental custody arrangement and the court will continue to monitor the situation. We find no error on the part of the trial court. The trial court is in a better position than this Court to monitor the custody situation in this case. We further find that the trial court complied with GCR 1963, 517.1 and the Child Custody Act, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.,* as it applied to this case. Thus, we affirm the trial court's custody decision.

Affirmed.