BIGELOW v BIGELOW

Docket No. 59018. Submitted January 12, 1982, at Lansing.—Decided September 23, 1982.

Plaintiff, Diane Bigelow, and defendant, Dennis Bigelow, were married on April 24, 1971, in California. While residing there they had two children, Dennis and Craig. In March, 1977, the family left California to reside in West Virginia for three months. Thereafter, they went to North Carolina for a little over a year. At that time, defendant and his son Dennis returned to California while plaintiff and Craig moved to Michigan. In December, 1978, the two children exchanged positions. On April 16, 1979, plaintiff filed for divorce, Washtenaw Circuit Court, after residing in this state for approximately eight months. At that time, Dennis was in Michigan and had been in the state four to five months. Craig was in California but had been in Michigan previously for four to five months. On April 17, 1979, an *ex parte* order was entered awarding temporary custody of Dennis to plaintiff. In July, 1979, Craig came back to Michigan. An amended *ex parte* order was entered in August, 1979, awarding temporary custody of both children to plaintiff. In December, 1979, a default judgment of divorce was entered against defendant and plaintiff was awarded custody of the children. One month earlier, defendant had filed a petition for divorce in California. In July, 1980, a California interlocutory order was entered awarding defendant custody of both children. In June, 1980, defendant filed a motion to set aside the judgment of the Michigan divorce and

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 135.
[2] 24 Am Jur 2d, Divorce and Separation § 248.
   Validity of statute imposing durational residency requirements for divorce applicants. 57 ALR3d 221.
[3] 20 Am Jur 2d, Courts § 148.
   24 Am Jur 2d, Divorce and Separation § 772 *et seq.*
   42 Am Jur 2d, Infants § 33.
   Jurisdiction of court to award custody of child domiciled in state but physically outside it. 9 ALR2d 434.
   Jurisdiction to award custody of child having legal domicil in another state. 4 ALR2d 7.

to decline jurisdiction on the custody issue. From an order denying that motion, Henry T. Conlin, J., he appealed. *Held:*

1. The denial of defendant's motions was a final, appealable order.

2. The Legislature, in enacting the no-fault divorce act, repealed by implication the one-year residency requirement where the cause for divorce occurred outside the state. The court had jurisdiction to decide the custody issue.

3. The court did not err in not declining to exercise jurisdiction on the basis of *forum non conveniens.*

Affirmed.

1. APPEAL — FINAL ORDERS — DIVORCE.

A denial of a motion to set aside a judgment of divorce which also disposed of the issue of custody is a final, appealable order.

2. DIVORCE — RESIDENCY REQUIREMENTS.

The Legislature, in enacting the no-fault divorce act, repealed by implication the one-year residency requirement where the cause for divorce occurred outside the state (MCL 552.6, 552.9e; MSA 25.86, 25.89[5]).

3. PARENT AND CHILD — CHILD CUSTODY — UNIFORM CHILD CUSTODY JURISDICTION ACT.

Priority in time determines which court will proceed with a child custody determination where the courts of more than one state have jurisdiction under the Uniform Child Custody Jurisdiction Act (MCL 600.651 *et seq.;* MSA 27A.651 *et seq.).*

*Legal Services of Southeastern Michigan, Inc.* (by *Sarr J. Blumson),* for plaintiff.

*Hendley, Datsko & Berry* (by *James R. Datsko),* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GILLIS and C. J. HOEHN,* JJ.

PER CURIAM. Defendant appeals from an order entered July 21, 1981, denying his motions to set aside a default judgment of divorce and to decline

---

* Circuit judge, sitting on the Court of Appeals by assignment.

jurisdiction on matters involving custody of his two minor children.

The essential facts are as follows. The parties were married on April 24, 1971, in California. While residing there they had two children, Dennis and Craig. In March, 1977, the family left California to reside in West Virginia for three months. Thereafter, they went to North Carolina for a little over a year. At this time, defendant and his son Dennis returned to California while plaintiff and Craig moved to Michigan. In December, 1978, the two children exchanged positions.

On April 16, 1979, plaintiff filed for divorce after residing in this state for approximately eight months. At that time, Dennis was in Michigan and had been in the state four to five months. Craig was in California but had been in Michigan previously for four to five months.

On April 17, 1979, an *ex parte* order was entered awarding temporary custody of Dennis to plaintiff. In July, 1979, Craig came back to Michigan. An amended *ex parte* order was entered in August, 1979, awarding temporary custody of both children to plaintiff.

In December, 1979, a default judgment of divorce was entered against defendant and plaintiff was awarded custody of the children. One month earlier, defendant had filed a petition for divorce in California. In July, 1980, a California interlocutory order was entered awarding defendant custody of both children. In June, 1980, defendant filed a motion to set aside the judgment of the Michigan divorce and to decline jurisdiction on the custody issue. It is from an order denying this motion that he appeals.

The first issue raised herein is whether the order from which defendant appeals is a final

order. Plaintiff argues that since the circuit court has continuing jurisdiction over custody matters and can offer substantive relief by changing custody notwithstanding the previous order, the order is not final. If the court subscribed to plaintiff's argument, then no order granting custody would be final and appealable to this Court. Said order is final.

The next issue is whether the Michigan court had subject matter jurisdiction to grant the divorce. Defendant argues plaintiff was required to meet the one-year residency requirement contained in MCL 552.9e; MSA 25.89(5) because, according to defendant, the cause for divorce occurred in North Carolina. MCL 552.9e; MSA 25.89(5) provides:

"Sec. 9e. Whenever the cause for divorce charged in the bill or petition has occurred out of this state, no decree of divorce shall be granted unless the complainant or defendant shall have resided in this state 1 year immediately preceding the filing of the bill of complaint for the divorce."

It is undisputed that plaintiff had resided in Michigan only eight months prior to filing for divorce. Plaintiff contends, however, that by enacting the no-fault divorce act in 1971, MCL 552.6; MSA 25.86, the Legislature implicitly repealed the one-year residency requirement found in MCL 552.9e; MSA 25.89(5). Plaintiff claims the no-fault act makes the place where the cause for divorce occurred speculative and difficult to determine so as to make MCL 552.9e; MSA 25.89(5) meaningless. We agree.

While repeals by implication are not favored or presumed, *Gogebic County Clerk v Gogebic County Bd of Comm'rs,* 102 Mich App 251; 301 NW2d 491

(1980), such repeals will be found to have occurred upon a clear showing of legislative intent. *Ziehm v State Farm Mutual Automobile Ins Co,* 88 Mich App 576; 278 NW2d 678 (1979).

Plaintiff correctly contends that a marital breakdown may develop over a long period of time. The time when the cause of action occurs is difficult to ascertain. In the present case, the parties left North Carolina in August, 1978. Plaintiff came to Michigan, where she remained, while defendant went to California. This action was filed the following April. While an act of separation may be indicative of breakdown, plaintiff correctly points out that breakdown is a state of mind. An attempt to establish precisely when the marriage irretrievably broke down would only lead to an evidentiary hearing at which plaintiff would presumably testify that she was still hoping to put the marriage back together and defendant would testify that the marriage broke down in North Carolina.

We find it hard to believe that the Legislature intended the trial court to elicit such testimony in order to determine the location of the marital breakdown for jurisdictional purposes. In enacting the no-fault statute, the Legislature clearly did not intend that the trial court inquire into the particulars leading to an irreconcilable breakdown.

We therefore hold that MCL 552.9e; MSA 25.89(5) was implicitly repealed by the enactment of the no-fault act and that the trial court had subject matter jurisdiction to grant the divorce. In further support of our holding note that the Legislature amended MCL 552.9; MSA 25.89 in 1974, subsequent to the no-fault act. While the Legislature did not explicitly repeal MCL 552.9e; MSA 25.89(5), Judge Gilmore has commented as follows:

"Note that in both MCLA 552.9e and 552.9f, the

residence requirement is one year. However the amendment of MCLA 552.9 (1974 PA 344, effective December 21, 1974) changed the requirement to 180 days. The later statute will control." 2 Gilmore, Michigan Civil Procedure Before Trial, § 16.9, p 662a.

Defendant's final issue is whether the Michigan court had jurisdiction to decide custody of the minor children. Michigan has adopted the Uniform Child Custody Jurisdiction Act. MCL 600.651 *et seq.;* MSA 27A.651 *et seq.* The pertinent portion of said statute necessary to our resolution of this issue reads as follows:

"Sec. 653. (1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree or judgment if any of the following exist:

"(a) This state is the home state of the child at the time of commencement of the proceeding or had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least 1 contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

"(c) The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent.

"(d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (a), (b), or (c) or another state has

declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child and it is in the best interest of the child that this court assume jurisdiction.

"(2) Except under subsection (1)(c) and (d), the physical presence in this state of the child or of the child and 1 of the contestants is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

"(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody." MCL 600.653; MSA 27A.653.

While the trial judge's statements concerning the court's jurisdiction over custody indicate a failure to fully understand and apply the UCCJA, his holding can nevertheless be upheld under subsection (1)(b) set forth above providing for the significant interest test. Our review of the facts indicates that the ties between the parents and children and the states of Michigan and California are equal. Before the action was filed, Dennis had been in Michigan four to five months and previously had been in California. Craig had also been in both states prior to the filing of the action. Apparently, plaintiff's relatives live in Michigan. Defendant's relatives and friends live in California. The record does not indicate the extent or location of school or medical records, if any, for either child. Nor was evidence presented concerning witnesses who would testify as to the parents' relationship with each child and as to the other relevant factors in a custody determination. When the courts of more than one state have jurisdiction, priority in time determines which court will proceed with the action. *McDonald v McDonald,* 74 Mich App 119; 253 NW2d 678 (1977). Unquestionably Michigan had priority and under subsection (b) could make a custody determination.

Additionally, since the children and parties did not have significant connection with any state, assumption of jurisdiction by Michigan under § 653(d) would also be proper herein.

Defendant suggests that even if the Michigan court does have jurisdiction to determine custody, jurisdiction should have been declined on *forum non conveniens* grounds as provided for by MCL 600.657(1); MSA 27A.657(1) at the time of the commencement of the proceedings in April, 1979, and at the July 1, 1981, hearing on the motion to decline jurisdiction. The question of whether to decline jurisdiction under § 657 is discretionary with the court and will not be reversed absent an abuse of discretion. *Lustig v Lustig,* 99 Mich App 716; 299 NW2d 375 (1980). Our review of the record leads us to conclude that the trial judge did not abuse his discretion under the criteria enumerated in § 657. Moreover, the parties would be equally inconvenienced regardless of which forum was selected to resolve the dispute.

Affirmed. No costs, interpretation of a statute being involved.