FARRELL v FARRELL

Docket No. 72211. Submitted December 12, 1983, at Grand Rapids.—
Decided April 2, 1984.

Plaintiff, Donna R. Farrell, and defendant, Kevin J. R. Farrell,
were married in New Jersey in 1974. In March of 1976, they
moved to Ireland. Plaintiff's child by a previous marriage
accompanied the couple to Ireland. Two daughters were born to
the parties while in Ireland and the daughters have dual
citizenship. In May of 1982, plaintiff left the defendant and
came with all three children to Battle Creek, Michigan, where
plaintiff's mother and sisters lived. Plaintiff then sought and
was granted an *ex parte* temporary custody order in the
Calhoun Circuit Court, Stanley Everett, J. Defendant thereafter
instituted an action in Ireland and was awarded custody of all
three children. On June 21, 1982, defendant, through Michigan
counsel, entered a limited appearance in the circuit court
challenging the court's jurisdiction to make a custody determi-
nation. On June 29, 1982, the court, James C. Kingsley, J.,
issued a finding that there existed both an emergency situation
and substantial contact with Michigan which justified the
court's retention of jurisdiction. Defendant then filed a petition
to have Michigan declared an inconvenient forum. Following a
hearing, the court found that Michigan was not an inconve-
nient forum to hear matters concerning the best interests of

REFERENCES FOR POINTS IN HEADNOTES

[1, 4-6] 20 Am Jur 2d, Courts § 148.

42 Am Jur 2d, Infants § 33.

Validity, construction, and application of Uniform Child Custody
Jurisdiction Act. 96 ALR3d 968.

Jurisdiction to award custody of child having legal domicil in
another state. 4 ALR2d 7.

[2] 42 Am Jur 2d, Infants § 43.

59 Am Jur 2d, Parent and Child § 25.

Nonresidence as affecting one's right to custody of child. 15 ALR2d
432.

[3] 42 Am Jur 2d, Infants § 38.

[7, 9] 24 Am Jur 2d, Divorce and Separation § 999 *et seq.*

59 Am Jur 2d, Parent and Child § 45.

[8] 24 Am Jur 2d, Divorce and Separation § 998.

the children. Following a friend of the court investigation, the court, on January 25, 1983, entered an order requiring defendant to support the minor children of the parties by paying $25 per week per child. On February 15, 1983, the court granted defendant the right to see his children in Michigan provided he surrender his passport and satisfy a bonding requirement. The divorce trial commenced in the Calhoun Circuit Court on May 4, 1983. Plaintiff appeared at trial, defendant did not. The trial court, James C. Kingsley, J., thereafter entered a judgment of divorce providing that plaintiff be awarded the custody of the parties' minor children. The judgment also provided for child support payments by defendant and visitation rights consisting of five days during the summer school vacation and one week during Christmas school vacation, all visitation periods to take place in Michigan. Defendant appeals from the judgment of divorce contesting the circuit court's assertion of jurisdiction, failure to recognize Michigan as an inconvenient forum and the limitations upon the visiting privileges. *Held:*

1. The circuit court properly ruled that its assumption of jurisdiction was in the best interests of the minor children under § 653(1)(b) of the Uniform Child Custody Jurisdiction Act.

2. Section 664 of the Uniform Child Custody Jurisdiction Act did not bar the Michigan circuit court from assuming jurisdiction under the circumstances of this case.

3. The circuit court did not abuse its discretion in concluding that retaining jurisdiction was in the best interests of the children and that Michigan was not an inconvenient forum to hear matters concerning the best interests of the children.

4. The circuit court did not abuse its discretion in regard to the restrictions on defendant's visitation.

Affirmed.

R. L. TAHVONEN, J., concurred in the result only.

1. PARENT AND CHILD — CHILD CUSTODY — UNIFORM CHILD CUSTODY JURISDICTION ACT.

    The Uniform Child Custody Jurisdiction Act may provide a statutory basis for a trial court's assertion of jurisdiction over children involved in a custody dispute (MCL 600.651 *et seq.;* MSA 27A.651 *et seq.).*

2. PARENT AND CHILD — COURTS — CHILD CUSTODY — JURISDICTION.

    A Michigan court which is competent to decide child custody matters has jurisdiction to make a child custody determination in an action wherein such a determination is in the best

interest of the child and the child and at least one contestant have a significant connection with Michigan and there is available in Michigan substantial evidence concerning the child's present or future care, protection, training, and personal relationships (MCL 600.653[1][b]; MSA 27A.653[1][b]).

3. PARENT AND CHILD — COURTS — CHILD CUSTODY — JURISDICTION — FOREIGN JUDGMENTS.

A Michigan court generally should not modify a child custody decree or judgment made by another state; however, this rule does not bar the court from assuming jurisdiction in a custody dispute where the circumstances warrant such action (MCL 600.664; MSA 27A.664).

4. PARENT AND CHILD — CHILD CUSTODY — UNIFORM CHILD CUSTODY JURISDICTION ACT.

The Uniform Child Custody Jurisdiction Act provides that a state court should not exercise its jurisdiction in a child custody dispute if at the time of filing the petition a child custody proceeding is pending in a court of another state (MCL 600.656; MSA 27A.656).

5. PARENT AND CHILD — UNIFORM CHILD CUSTODY JURISDICTION ACT.

The policies of the Uniform Child Custody Jurisdiction Act extend to the international sphere and the provisions of the act relating to the recognition and enforcement of custody decrees or judgments of other states apply to custody decrees or judgments and decrees involving legal institutions similar in nature to custody rendered by appropriate authorities of other nations if reasonable notice and opportunity to be heard were given to all affected persons (MCL 600.673; MSA 27A.673).

6. PARENT AND CHILD — CHILD CUSTODY — UNIFORM CHILD CUSTODY JURISDICTION ACT — JURISDICTION — WAIVER.

The Uniform Child Custody Jurisdiction Act provides that a court having jurisdiction in a child custody dispute is authorized to decline to exercise such jurisdiction if it finds that it is an inconvenient forum to make a custody determination and that a court of another state is a more appropriate forum; the act enumerates certain factors which the court shall consider in making such a determination (MCL 600.657; MSA 27A.657).

7. PARENT AND CHILD — CHILD CUSTODY — VISITATION — CHILD CUSTODY ACT.

Disputes over visitation privileges are governed by the Child Custody Act (MCL 722.21 et seq.; MSA 25.312[1] et seq.).

8. PARENT AND CHILD — CHILD CUSTODY — VISITATION — APPEAL.

　　The Court of Appeals reviews visitation orders, as an aspect of child custody cases, *de novo;* however, since the trial court is granted extremely broad powers in custody cases, the trial court's determination should be affirmed unless the court made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

9. PARENT AND CHILD — CHILD CUSTODY ACT — VISITATION — BEST INTERESTS OF CHILD.

　　The controlling factor in the determination of visitation rights in a custody dispute is the best interests of the child; the right to parental visitation must yield to the best interests of the child; the Child Custody Act lists factors to be weighed in determining the best interests of the child (MCL 722.23; MSA 25.312[3]).

Legal Services Organization of Southcentral Michigan (by *Robert A. Cole),* for plaintiff.

*Holmes, Harter, Mumford, Schubel, Norlander & Macfarlane* (by *Daryl J. Mumford),* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and R. L. TAHVONEN,* JJ.

BRONSON, J. Defendant appeals as of right from a judgment of divorce entered by the circuit court awarding custody of the parties' minor children to the plaintiff.

The parties were married in 1974 in New Jersey. In March, 1976, they moved to Ireland where the husband had secured employment. Two children were born to the parties after they moved to Ireland; Kathleen M. Farrell was born August 20, 1976, and Ciara M. Farrell was born January 21, 1981. Aaron, plaintiff's child by a previous mar-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

riage, also accompanied the couple to Ireland. The two daughters have dual citizenship.

In May, 1982, the plaintiff left her husband and came with all three children to Battle Creek, Michigan, where her mother and sisters lived. Plaintiff sought and was granted an *ex parte* temporary custody order. Defendant instituted an action in Ireland and was awarded custody of all three children.

On June 21, 1982, defendant, through Michigan counsel, entered a limited appearance in the Michigan circuit court to challenge its jurisdiction to make a custody determination. The court issued its finding dated June 29, 1982; the judge found that there existed both an emergency situation and substantial contact with the State of Michigan which justified the court's retention of jurisdiction.

Defendant then filed a petition to have Michigan declared an inconvenient forum for trying the case. After an evidentiary hearing held on August 18, 1982, the court found that Michigan was not an inconvenient forum to hear matters concerning the best interests of the children.

On October 29, 1982, pursuant to defendant's petition, the court ordered the Calhoun County Friend of the Court to investigate the matter of custody, support and visitation. On January 25, 1983, the court entered an order requiring defendant to support the minor children of the parties by paying $25 per week per child. By order dated February 15, 1983, the court granted defendant the right to see his children in Michigan provided he surrender his passport and satisfy a bonding requirement. On April 11, 1983, a show cause hearing for nonsupport was held. The court ordered defendant to pay $50 per week in current support and $10 per week in arrears.

Trial commenced on May 4, 1983. Defendant did not appear at trial because he allegedly could not afford to come to the United States. The only witness was the plaintiff. She testified that, since the birth of her first daughter, she had not worked outside the home and her primary role had been raising and caring for the three children. Defendant was away from home for an average of one week per month for employment-related reasons.

Plaintiff testified that defendant was an alcoholic and when he drank he physically and verbally abused plaintiff. Plaintiff sought help from professionals and joined Al-Anon. Defendant refused to seek help for his problems.

The judgment of divorce thereafter entered provided that plaintiff should be awarded the custody of the minor children. The judgment also provided for child support payments by defendant and visitation rights consisting of five days during the summer school vacation and one week during Christmas school vacation, all visitation periods to take place in Michigan. The court based its decision on the children's ages and the fact that the mother was the primary caretaker. The court emphasized that "this is going to be a beginning" and if the initial visitation periods go well visitation could be expanded.

Defendant first contests the circuit court's assertion of jurisdiction over the minor children. The Uniform Child Custody Jurisdiction Act, MCL 600.651 *et seq.;* MSA 27A.651 *et seq.,* provides the statutory basis for the trial court's assertion of jurisdiction over the children. The statute delineates four situations which justify a court's assertion of jurisdiction.[1] The circuit court acknowl-

[1] "(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determina-

edged that subdivisions (1) (a) and (d) of § 653 of the act would not confer jurisdiction on the court, but concluded that it could properly retain jurisdiction under subdivisions (1) (b) and (c).

Subdivision (1) (b) confers jurisdiction on two conditions: (1) it is in the best interest of the child and (2) the child and at least one contestant have a significant connection with Michigan and there is available in Michigan substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

The circuit court cited *Lustig v Lustig,* 99 Mich App 716; 299 NW2d 375 (1980), in support of its retention of jurisdiction. In that case the minor child resided with his mother in California. While visiting his father in Michigan, his father filed a petition for temporary custody and a permanent change of custody in the Oakland County Circuit Court. The mother challenged the Michigan court's jurisdiction of the custody proceedings.

tion by initial or modification decree or judgment if any of the following exist:

"(a) This state is the home state of the child at the time of commencement of the proceeding or had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least 1 contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

"(c) The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent.

"(d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (a), (b), or (c) or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child and it is in the best interest of the child that this court assume jurisdiction." MCL 600.653(1); MSA 27A.653(1).

This Court upheld the circuit court's exercise of jurisdiction under MCL 600.653(1)(b); MSA 27A.653(1)(b). The Court noted the following supporting factors: (1) the father resided in Michigan; (2) the child was physically present in Michigan visiting his father at the time of the proceedings; (3) the child had seen a Michigan psychiatrist who had made a report about his observations of the child; (4) the child's brother and paternal grandparents resided in Michigan; and (5) the nine-year-old child expressed a preference to stay in Michigan. *Id.,* p 725.

Particularly relevant to the instant case is the *Lustig* Court's observation that significant contacts existed between the child and the State of California: (1) California was the child's home for seven years; (2) the child's mother and maternal grandparents lived in California; (3) medical and school records of the child were located in California; and (4) the child's involvement in special educational programs due to his learning disability occurred in California. Nonetheless, this Court held that the circuit court properly assumed jurisdiction.

Defendant similarly emphasizes the evidence available in Ireland concerning the children. That evidence is available in Ireland does not, per se, negate the court's assumption of jurisdiction. At the time the action was commenced, plaintiff, the minor children and their stepbrother resided in Michigan; the children's maternal grandmother and two aunts lived nearby; the elder daughter was enrolled in a local school and both she and her mother were seeing a counselor. Any testimony bearing on the children's preference as to residence was in plaintiff's favor, but the court did not consider such testimony because it believed the children were too young to intelligently express such a preference.

We hold that the circuit court properly ruled that its assumption of jurisdiction was in the best interests of the minor children under MCL 600.653(1)(b); MSA 27A.653(1)(b).[2]

The circuit court's permanent custody order was entered after defendant was awarded custody of the children by the courts of the Republic of Ireland. Although generally a court of this state should not modify a decree or judgment made by another state, MCL 600.664; MSA 27A.664, we find that this section did not bar the Michigan court from assuming jurisdiction under the circumstances of this case. See *Bigelow v Bigelow,* 119 Mich App 784; 327 NW2d 361 (1982), and *Brown v Brown,* 104 Mich App 621; 305 NW2d 272 (1981).

First, plaintiff's action was pending in circuit court before defendant filed his petition with the court in Ireland. The Uniform Child Custody Jurisdiction Act provides that a state court should not exercise its jurisdiction if at the time of filing the petition a child custody proceeding is pending in a court of another state. MCL 600.656; MSA 27A.656.

Secondly, MCL 600.673; MSA 27A.673 extends the *policies* of the Uniform Child Custody Jurisdiction Act to the international sphere. The provisions of the act

"relating to the recognition and enforcement of custody decrees or judgments of other states apply to custody decrees or judgments and decrees involving legal institutions similar in nature to custody rendered by appro-

[2] Because we find that MCL 600.653(1)(b); MSA 27A.653(1)(b) provided a basis for the circuit court's jurisdiction, we do not need to consider whether subdivision (1)(c) also provided authority for the assumption of jurisdiction. We note, however, that the minor daughters were physically present in Michigan and that arguably an "emergency" situation existed where, by virtue of their ages, the children were quite dependent upon their mother.

priate authorities of other nations if reasonable notice and opportunity to be heard were given to all affected persons."

The court in Ireland awarded defendant custody of the children without providing plaintiff with reasonable notice or an opportunity to be heard. The foremost policy of the act is to secure the best interests of the child involved in a custody battle. Where the court in Ireland not only awarded defendant custody of his own children without providing any notice or opportunity to be heard to plaintiff, but further awarded defendant custody of plaintiff's son by a former marriage without providing notice to either of the child's legal parents, we cannot help but question whether the foreign court was concerned primarily with the best interests of the children.

Defendant next contends that the court abused its discretion when it failed to recognize that Michigan was an inconvenient forum to try issues concerning the minor children. Even though a court has jurisdiction, MCL 600.657; MSA 27A.657 provides it the authority to decline to exercise such jurisdiction if it finds that it is an inconvenient forum to make a custody determination and that a court of another state is a more appropriate forum. Certain factors to be considered are enumerated in MCL 600.657(3); MSA 27A.657(3):

"(a) If another state is or recently was the child's home state.

"(b) If another state has a closer connection with the child and his family or with the child and 1 or more of the contestants.

"(c) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state.

"(d) If the parties have agreed on another forum which is no less appropriate.

"(e) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 651."

The circuit court held an extensive evidentiary hearing to determine whether Michigan was an appropriate forum. The only evidence submitted by defendant was in the course of cross-examination of the plaintiff. The court recognized the possibility that relevant evidence might be available in Ireland. In finding that maximum access to relevant evidence existed in its jurisdiction, the court considered that the following evidence would be available in Calhoun County: (1) the testimony of plaintiff, the parent who had had the primary parenting role; (2) the testimony of the children's maternal grandmother and aunt as to the stability of the family support system; (3) current educational information; and (4) current psychological information on plaintiff and the children. The court additionally noted that it would be less costly for the defendant to travel to Michigan than for plaintiff and the parties' two children to travel to Ireland. The circuit court recognized that certain inconveniences would arise in both suggested forums, but concluded that retaining jurisdiction was in the best interests of the children. We find no abuse of discretion in the court's decision.

Defendant finally challenges the circuit court's limitations upon both his and the children's visitation privileges.

Disputes over visitation privileges are governed by the Child Custody Act, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.; Henshaw v Henshaw,* 83 Mich App 68; 268 NW2d 289 (1978). Visitation orders, as an aspect of child custody cases, are

reviewed *de novo* by this Court. *Longhi v Longhi,* 119 Mich App 41, 42; 325 NW2d 617 (1982). However, the trial court's determination should be affirmed unless the court made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. MCL 722.28; MSA 25.312(8). The trial court is granted extremely broad powers in custody cases. *Longhi, supra,* p 43.

The Child Custody Act and numerous cases emphasize that the controlling factor in determining visitation rights is the best interests of the child. *Cooper v Cooper,* 93 Mich App 220, 228; 285 NW2d 819 (1979). The right to parental visitation must yield to the best interests of the child. *Hutchins v Hutchins,* 84 Mich App 236, 239; 269 NW2d 539 (1978).

The circuit court weighed each factor listed in MCL 722.23; MSA 25.312(3) specifically in terms of the children's best interests. The court carefully explained its reasons for restrictions on visitation.[3]

---

[3] "Secondly, I will permit Mr. Farrell to have a period of visitation of five consecutive days this summer with Kathleen and Ciara upon the surrender of the passport, the providing of proof that the custodial order is no longer in effect, depositing of plane tickets, and the bond, plus notice given to the plaintiff as to where Mr. Farrell will actually have the children. Hopefully, this is going to be a beginning. And I'm doing this not so much out of Mr. Mumford's arguments on behalf of his client or Mrs. Farrell's testimony, but I've got a little two-year-old child that really does not know her father all that much. And I think that, with notice to Mrs. Farrell as to where they are going to be, itinerary of what he proposes to do, that that will accomplish two things: one, give Mr. Farrell an opportunity to have a period of time with his children other than simply five or six hours during the days; but secondly, give the children an opportunity to be with him for an extended period of time. And I think five days is more than enough with a six-year-old and a two-year-old—again, provided that all these safeguards that I am requiring for the Christmas visitation be placed in effect.

"Now, in the event the plaintiff—excuse me, the defendant wishes to expand upon that or adjust that, he certainly has every right to do so.

\* \* \*

The court emphasized that the arrangement was only "a beginning" and "if it goes well", visitation rights could be expanded. Confronted with a difficult situation, the trial judge worked hard to devise an arrangement which was in the best interests of the children. We find no abuse of discretion.

Affirmed.

R. L. TAHVONEN, J., concurred in the result only.

"But I am not persuaded, given the age of the children and given the geography involved, that Mr. Farrell should have any rights of visitation greater than what I have indicated here on the record. This is a first step. And if he complies with the requirements of the Court, and the children are returned, it is a good experience—they are going to look forward to Christmas. And if it goes well at Christmas, and Mrs. Farrell is finally convinced that there is no ulterior motive on his part to spirit the children away, conceivably we could be looking at an expanded period of visitation, perhaps, once again in this country—but expanded in the sense that he might take the children out of the state and enjoy a two-week period or a three-week period, or something like this, and build upon that to the point where they can continue to know their father far better than they do now and in the context of his adopted country."