## VAN KOEVERING v VAN KOEVERING

Docket No. 81441. Submitted May 7, 1985, at Grand Rapids.—Decided July 16, 1985. Leave to appeal denied, 422 Mich 970.

Plaintiff, Jacquelyn Sue Van Koevering, and defendant, Paul W. Van Koevering, were divorced by order of the Ottawa Circuit Court and custody of the parties' two minor children was awarded to defendant. Plaintiff was granted visitation rights with the children in her home for two days every two weeks. Upon defendant's refusal to allow the children to visit plaintiff, plaintiff petitioned the court for an order to show cause and for amendment of the judgment to further promote suitable visitation. The court, James E. Townsend, J., modified the divorce judgment to restrict plaintiff's visitation rights to five hours every other Saturday afternoon, forbade the use of artificial stimuli, including alcohol, or cursing while the children were in plaintiff's home, and ordered defendant to refrain from interfering with plaintiff's visitation rights and to stop instructing the children with respect to what they should say to their mother or others during the visits. Defendant appealed claiming that the court's modified order violates both his and his children's First Amendment rights to freely exercise their religion. *Held:*

The state's compelling interest in visitation justifies the burden imposed on defendant's and the children's First Amendment rights of freedom of religion. The trial court balanced the competing considerations in a reasonable fashion, while maintaining its constitutionally mandated neutrality concerning defendant's beliefs.

Affirmed.

1. Parent and Child — Child Custody — Visitation — Appeal.

The Court of Appeals reviews visitation orders, as an aspect of child custody cases, *de novo;* however, since the trial court is

References for Points in Headnotes

[1, 2, 4] Am Jur 2d, Divorce and Separation § 999 *et seq.*
See the annotations in the ALR3d/4th Quick Index under topic Visitation.
[3] Am Jur 2d, Constitutional Law § 456 *et seq.*
[4] See the annotations in the ALR3d/4th Quick Index under topic Custody and Support of Children § 5.

granted extremely broad powers in custody cases, the trial court's determination should be affirmed unless the court made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

2. Parent and Child — Child Custody Act — Visitation.

The controlling factor in the determination of visitation rights in a custody dispute is the best interests of the child (MCL 722.27; MSA 25.312[7]).

3. Constitutional Law — First Amendment — Trial — Burden of Proof.

The party alleging a First Amendment violation has the burden of proving that the regulation in question imposes a burden or restriction on the exercise of his protected right.

4. Divorce — Courts — Jurisdiction — Child Custody — Child Support.

A court granting a divorce has continuing jurisdiction to revise, alter, or amend the judgment with respect to child custody or support.

Jacquelyn Sue Van Koevering, *in propria persona.*

*Annis, Annis & Visser* (by *Timothy B. Visser),* for defendant.

Before: Shepherd, P.J., and R. M. Maher and W. R. Peterson,* JJ.

Per Curiam. Defendant appeals as of right from an order amending the judgment of divorce. He claims that the order, which concerns plaintiff's visitation rights, violates the right of both himself and the parties' two children to freely exercise their religion. US Const, Am I; Const 1963, art 1, § 4. We conclude that the state's compelling interest in visitation justifies the trial court's order. We affirm.

The parties were divorced in 1980. In 1982, the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

trial court granted custody of the two children to defendant and granted plaintiff visitation at her home for two days every two weeks. When defendant refused to allow the children to visit plaintiff, she petitioned the court for an order to show cause and for amendment of the judgment "to further promote suitable visitation".

Defendant admitted violating the visitation terms of the judgment. He claimed he did so out of fear for the well-being of the children. According to defendant, conditions in plaintiff's home and her lifestyle frustrated his efforts to instill moral and religious values in the children. Defendant believed that he and plaintiff were still married in the eyes of God and, therefore, plaintiff was living in adultery. By allowing the children to visit plaintiff, he would condone her alleged sinfulness. He would not allow the children to visit plaintiff unless they pointed out her lack of morality and admonished her for her evil ways. Defendant asked the court to restrict visitation to his home.

The children (who are currently 16 and 17 years old) described plaintiff's home as a place where those present drank, cursed and smoked marijuana. The parties' daughter recalled that, on one occasion, a drunken man crawled into bed with her. "Nothing happened," but needless to say it was not a pleasant experience. Plaintiff drank to excess. In plaintiff's home, the children were urged to rebel against their father's beliefs.

The trial court modified the judgment to restrict plaintiff's visitation rights to five hours every other Saturday afternoon. The court forbade the use of artificial stimuli, including alcohol, or cursing while the children were in plaintiff's home. The court also ordered defendant to refrain from interfering with plaintiff's visitation rights and to stop instructing the children "with respect to what

they should say to their mother or others" during the visits.

We review the visitation order *de novo,* but will affirm unless the trial court "committed a palpable abuse of discretion or a clear legal error on a major issue". *Farrell v Farrell,* 133 Mich App 502, 513; 351 NW2d 219 (1984). See, MCL 722.28; MSA 25.312(8). Defendant argues that the issuance of the order constitutes legal error because it violates his and the children's rights under the free exercise clause of the First Amendment. We conclude that the burden imposed on their beliefs has sufficient justification to withstand the "compelling state interest" test. *Sherbert v Verner,* 374 US 398, 406; 83 S Ct 1790; 10 L Ed 2d 965 (1963).

"[T]he controlling factor in determining visitation rights is the best interests of the child." *Farrell, supra,* 513; *Lorenz v Lorenz,* 70 Mich App 356, 358-359; 247 NW2d 569 (1976). See also, MCL 722.27; MSA 25.312(7). As we observed in *Fisher v Fisher,* 118 Mich App 227, 232; 324 NW2d 582 (1982), "[i]t is difficult to conceive of a more compelling or vital state interest than the welfare of minor children as it is affected by the dissolution of their parents' civil marriage union." The compelling nature of the state's interest in visitation is reflected in the "extremely broad powers" of the trial court. *Farrell, supra,* p 513. Defendant has the right to direct the religious upbringing of the children. *Wisconsin v Yoder,* 406 US 205; 92 S Ct 1526; 32 L Ed 2d 15 (1972). We believe that the children, also, enjoy rights protected by the First Amendment. Nevertheless, the trial court was not required to tailor every detail of the visitation order to the dictates of defendant's and the children's moral consciences. Neither defendant's religious preferences nor those of the children mandated restriction of visitation to defendant's home,

rather than plaintiff's. *Casbergue v Casbergue,* 124 Mich App 491, 495; 335 NW2d 16 (1983).

"The party alleging a First Amendment violation has the burden of proving that the regulation in question imposes a burden or restriction on the exercise of his or her religious beliefs." *Hough v North Star Baptist Church,* 109 Mich App 780, 783; 312 NW2d 158 (1981). While the children may feel uncomfortable praying in plaintiff's home, there is no evidence that she prevents them from engaging in religious activity. Moreover, the modifications of the visitation terms in the divorce judgment will, if observed by plaintiff, prevent recurrence of the difficulties which the children previously experienced. We believe the trial court balanced the competing considerations in a reasonable fashion, while maintaining "its constitutionally mandated neutrality" concerning defendant's beliefs. *Fisher, supra,* p 234. While the court ordered defendant not to use his children as direct conduits for his own communications to his ex-wife, the children remain able to speak freely to plaintiff. Defendant, for all but five hours every two weeks, experiences no restriction on his right to raise the children as he sees fit. The trial court has continuing jurisdiction to respond to any future failure by plaintiff to abide by the order. *Kelley v Hanks,* 140 Mich App 816; 366 NW2d 50 (1985).

Defendant may believe plaintiff to be a "sinner" under his concept of religious law, but he was once married to her and she is the mother of the two children. The marriage is dissolved in the eyes of the law of the State of Michigan, which is the only law other than the U.S. Constitution which is applied by this Court in divorce cases. Plaintiff,

too, has parental rights worthy of judicial consideration. We conclude that the trial court acted reasonably in this case.

Affirmed.