[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR CONNECTICUT EXERCISE JURISDICTION
On July 14, 1994, the State of Michigan in the Circuit Court for the County of Oakland dissolved the marriage of the parties pursuant to a consent judgment of divorce. The judgment of divorce granted the parties joint custody of their four minor children. The plaintiff mother, Rosemary Cummings, received physical custody of the children and was allowed to relocate to Connecticut with the children. She and children moved to Connecticut in 1994 and they have resided here continuously since then. On or about March 18, 1998, the Michigan court granted the defendant father, William Cummings' motion for a change of venue from Oakland County, Michigan to St. Clair County, Michigan. The father thereafter, on or about June 18, 1998, filed a motion in the Circuit Court of St. Clair County for physical custody of the children to be transferred from the mother to him. On or about July 16, 1998, the mother filed in Michigan an answer to the father's motion to change custody, and on July 24, 1998, she registered the Michigan judgment here in Connecticut. On July 31, 1998, the parties stipulated in Michigan for the entry of an order referring the matter to the Michigan court family support services for a full custody study and evaluation.
Pending before the court is the mother's motion for Connecticut to exercise jurisdiction over the father's petition to modify the custody of the children. When the mother's motion first came before the court, the parties represented that the mother had filed a motion to dismiss the father's custody CT Page 704 petition and that this motion was scheduled to be heard soon in Michigan. Pursuant to Sec. 46b-96(c) of the General Statutes, this court stayed any action in Connecticut pending review of the Michigan court's disposition of the motion to dismiss and pending this court's communication with the presiding judge in Michigan about the jurisdictional issue. When the Michigan court denied the motion to dismiss, the mother returned to Connecticut requesting that her motion for Connecticut to hear the father's custody petition be granted. She argued that Michigan had erroneously found that it had jurisdiction to consider the father's motion to modify custody and that Michigan's denial of the motion was not "substantially in conformity" with the provisions of the Uniform Child Custody Jurisdiction Act. C.G.S. Sec. 46b-96(a) ("UCCJA"). In response, the Connecticut court directed the mother to acquire and file a transcript of the Michigan court hearing on the mother's motion to dismiss. A review of this transcript revealed that contrary to her representation, her motion to dismiss alleged that Michigan was an inconvenient forum, but did not allege that Michigan lacked jurisdiction or that Connecticut had exclusive jurisdiction. Thus this transcript filed by the mother in support of her motion did not establish that Michigan was proceeding without a jurisdictional basis or without substantial compliance with the UCCJA.
Subsequently, pursuant to Sec. 46b-96(c), the undersigned spoke with Judge Robert Spillard of the Family Division, Michigan Circuit Court, County of St. Clair regarding the case and the jurisdictional issues being raised. This discussion focused on the following items: that the divorce decree entered in Michigan; that the mother had filed an answer to the father's custody petition in the Michigan court in which a jurisdictional challenge was not raised; that the mother had stipulated to a custody study in Michigan and this study was nearing completion; and that the mother had not filed a motion in Michigan contesting Michigan's jurisdiction to proceed in the case.
Under the Uniform Child Custody Jurisdiction Act, when a dispute arises over what state court should hear a custody case, the court is required to determine whether it has exclusive jurisdiction or concurrent jurisdiction with another state, and if the court has concurrent jurisdiction, it must then decide whether its jurisdiction should be exercised. See Muller v.Muller, 43 Conn. App. 327 (1996). The UCCJA provides that Connecticut shall not exercise its jurisdiction over a child CT Page 705 custody dispute if a proceeding concerning custody is "pending in a court of another state exercising jurisdiction substantially in conformity" with the UCCJA. C.G.S. Sec. 46b-96(a). The mother argues that Connecticut has exclusive jurisdiction over the parties' custody dispute, that Michigan is not acting in substantial conformity with the UCCJA, and therefore, Connecticut should exercise its jurisdiction to resolve the controversy.
On this record, the mother's motion for the Connecticut court to exercise jurisdiction over the father's custody petition isdenied. The mother has not met her burden of showing that Michigan is not acting in substantial conformity with the UCCJA or that Connecticut has exclusive jurisdiction over this controversy. Therefore, under the provisions of the UCCJA, this court is required to stay the Connecticut proceedings as Michigan has indicated its intention to proceed with the custody evaluation and determination. C.G.S. Sec. 46b-96. The court appreciates the significance of the fact that the children reside in Connecticut and the emphasis often placed on having custody proceedings heard in the children's home state. In addition, under the UCCJA this court has the authority to determine whether a court of another state is acting substantially in conformity with the Act and the court is not required to accept conclusory rulings or generalized assertions by another state court that it has jurisdiction. See Lynch v. Lynch, 770 P.2d 1383, 1385-1380
(Colo.App. 1989); Davis v. Davis, 281 S.E.2d 411, 415-416
(N.C.App. 1981).
However, the jurisdictional issue has not been specifically raised in Michigan, despite the mother's clear opportunity to do so, and the Michigan court has not issued any final or preliminary decisions in the case which would require it to make an explicit jurisdictional finding in accordance with the UCCJA. The Michigan court did deny a motion claiming that Connecticut is a more appropriate forum. However, the question whether Michigan is an "inconvenient forum" is an entirely different question from whether Michigan lacks jurisdiction altogether. Muller v. Muller, supra, 43 Conn. App. 335-336. ("Whether jurisdiction exists . . . and whether it should be declined . . . are separate and distinct under the UCCJA"). While the denial of the motion to change the forum implies that the Michigan court assumed that it had jurisdiction; see Muller v. Muller, supra, 335-336; a review of the hearing transcript makes it clear that the jurisdictional issue was neither expressly raised, nor explicitly addressed. Under these circumstances, the denial of the motion to change CT Page 706 venue does not establish that Michigan is acting without substantial compliance with the UCCJA. The general rule is that a court's decision to change venue is discretionary; see Brown v.Brown, 195 Conn. 98, 486 A.2d 116 (1985); Bigelow v. Bigelow;119 Mich. App. 223, 327 N.W.2d 361 (1983); and this court does not sit as a court having appellate review over Michigan circuit court decisions.
Michigan may have jurisdiction under Michigan's equivalent to Sec. 46b-93(a)(2) which allows a court to exercise jurisdiction if it is in the best interests of the child because one parent has a significant connection with the state and there is available in the state "substantial evidence concerning the child's present or future care, protection, training and personal relationships." See Bivens v. Bivens, 146 Mich. App. 223,379 N.W.2d 431 (1986) (court may assume jurisdiction based on significant connection with state if it is in the child's best interest); Bigelow v. Bigelow, supra, 119 Mich. App. 363-364 (the parties and the children's equal ties with Michigan and California allowed Michigan court to have jurisdiction to decide custody of parties' minor children). The facts reflected in the file indicate that the children's ages range from 14 years old to 7 years old; the children resided in Michigan when the parties divorced in 1994; the divorce decree entered in Michigan; the father resides in Michigan; and the father has exercised liberal visitation there. These facts support the view that evidence exists in Michigan concerning the children's best interests. Although neither party has provided extensive, additional information to the court on whether "substantial connections" jurisdiction exists in Michigan, the movant must ultimately bear this burden as she is contending that Michigan lacks jurisdiction and that Michigan is not acting in compliance with the UCCJA. As previously indicated, if Connecticut has concurrent jurisdiction with Michigan, than this court is required by the UCCJA to stay the Connecticut proceedings because the matter was instituted in Michigan first. C.G.S. Sec. 46b-96.
Additionally, comity suggests that Michigan itself should ordinarily have the first opportunity to determine and articulate the basis for its own exercise of jurisdiction. Such a situation is not presented in every case, but this opportunity is especially justified on the specific facts of this case. There are no emergency circumstances presented here and the record does not clearly establish that this court has exclusive, as compared to concurrent, jurisdiction with Michigan. Moreover, the mother CT Page 707 has retained Michigan counsel, filed an appearance, and participated in the Michigan proceedings. Thus this case is distinguishable from the many cases in which another court has made a custody decision and the forum court is required to review this decision and determine whether it is in substantial compliance with the UCCJA and should be enforced. One of the purposes of the UCCJA is to discourage forum shopping, and the granting of the mother's motion on this record would not be consistent with this goal.
In reaching this decision the court has considered the provisions of the Parental Kidnaping Prevention Act.28 U.S.C. § 1738A. ("PKPA"). While the PKPA is a federal statute primarily governing what custody orders of one state will be enforceable in a court of another state, the last section of the PKPA states the following: "A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pending of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination." 28 U.S.C. § 1738A(g). To the extent that Michigan has concurrent jurisdiction over the father's custody petition under the UCCJA, the Michigan court would also have "continuing jurisdiction" as defined by the PKPA because the father resides in Michigan and Michigan initially issued the custody orders as part of the divorce decree. Thus Michigan court's exercise of "continuing jurisdiction" consistent with the provisions of the PKPA would also preclude this court from exercising its jurisdiction over the case.28 U.S.C. § 1738A(g); see generally, Kaye v. Kaye, 7 CSCR 511
(May 4, 1992); 28 U.S.C. § 1738A(c)(E).
Therefore, the motion for Connecticut to exercise jurisdiction is hereby denied on the present record and the stay of the Connecticut proceedings previously ordered by the court shall continue until further order of the court. This matter is hereby scheduled for a status conference on February 15, 1998 at 9:30 a.m.
So ordered.
Stevens, J. CT Page 708