BOHN *v.* BOHN

1. Divorce—Child Custody—Best Interests.

  The best interests of the minor child must prevail as the predominant, if not sole, judicial concern in a divorce-custody proceeding.

References for Points in Headnotes

[1] 24 Am Jur 2d, Divorce and Separation § 783.
[2] 24 Am Jur 2d, Divorce and Separation §§ 785, 793.
[3] 4 Am Jur 2d, Appeal and Error §§ 116, 243.
  24 Am Jur 2d, Divorce and Separation § 791 *et seq.*
[4] 16 Am Jur 2d, Constitutional Law § 569 *et seq.*
[5] 24 Am Jur 2d, Divorce and Separation § 783 *et seq.*

2. DIVORCE—CHILD CUSTODY—BEST INTERESTS—DISCRETION.

Trial court did not abuse its discretion in deciding that granting custody of the minor child to the father was in the best interests of the child where the decision was based on interviews with the child and letters from psychiatrists who examined the child.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CHILD CUSTODY—APPROVAL AS TO FORM AND SUBSTANCE.

Question as to a child custody order is not reviewable where the appellant consented to both the form and the substance of the order.

4. CONSTITUTIONAL LAW—DUE PROCESS—HEARINGS.

A plaintiff in child custody proceedings in a divorce action was not deprived of due process of law by the trial court's denial of an evidentiary hearing where opportunity to present testimony had been afforded her earlier, and she had not used the opportunity.

5. DIVORCE—CHILD CUSTODY—BEST INTERESTS—PROCEDURAL ERROR.

The best interests of a minor child must prevail over an alleged procedural error in a divorce-custody proceeding.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 1 June 9, 1970, at Detroit. (Docket No. 8,501.) Decided August 26, 1970. Leave to appeal denied December 15, 1970. 384 Mich 790.

Complaint by Sharon R. Bohn against Phillip A. Bohn for divorce. Divorce granted. Defendant's motion for modification of judgment of divorce with respect to custody of two minor children, Holly and Susan, granted as to Holly. Plaintiff appeals. Affirmed.

*Levin & Schier,* for plaintiff on appeal.

*Bernard S. Kahn,* for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'HARA, J. The litigants were divorced on June 25, 1962, in an uncontested default proceeding. Custody of their two minor children, Holly and Susan, was awarded to plaintiff.

On July 23, 1968, defendant filed a petition for modification of the divorce decree with respect to the custody of the two children. At the initial hearing on the matter, psychiatric examinations were ordered. At the second hearing, letters from the two psychiatrists who had examined Holly were ruled inadmissible in the absence of testimony from the psychiatrists themselves. The parties were told by the court to set a date for the taking of such testimony pursuant to a recommendation from the Friend of the Court. A third hearing was held on February 24, 1969, at which time no psychiatric testimony was taken. The hearing resulted in a court order dated March 12, 1969, awarding temporary custody of Holly to defendant. The order provided that at the end of six months, if the child so desired, the custody order would become permanent. This order was approved as to both form and substance by plaintiff's attorney.

Prior to the expiration of the six months, plaintiff made a motion for an evidentiary hearing which was denied. The final order awarding permanent custody of Holly to defendant was entered on November 12, 1969.

Two questions are presented on appeal: whether custody was properly awarded to defendant and whether it was a denial of due process of law to deny the motion for a hearing.

In a custody proceeding the best interests of the minor child must prevail as the predominant, if not sole, judicial concern. *In re Ernest* (1964), 373 Mich 337, 361. Holly, an epileptic, has now been living with her father for a year and a half. She

is settled and apparently happy in his home and in her present school. She is adamant in her desire to live with her father, and so informed the trial judge during his interviews with her.

In addition to Holly's stated preference, the court, upon stipulation of counsel, considered letters from psychiatrists who examined the child. The letters, in conjunction with the Court's own interviews with the child, were sufficient basis for determining her best interests. *Chupp* v. *Chupp* (1969), 19 Mich App 143. There was no abuse of the trial court's discretion in awarding custody to defendant.

Further, plaintiff consented to the March 12 custody order both as to form and substance, and cannot now complain. *Trupski* v. *Kanar* (1962), 366 Mich 603; *Chilton's, Inc.,* v. *Wilmington Apartment Co.* (1961), 365 Mich 242.

Plaintiff was not deprived of due process of law by the trial court's denial of her motion for a hearing. The *opportunity* to present further testimony was afforded her. *In re Oliver* (1948), 333 US 257 (68 S Ct 499, 92 L Ed 682); *Gonzales* v. *United States* (1955), 348 US 407 (75 S Ct 409, 99 L Ed 467). She chose not to avail herself of this opportunity. She is not now entitled to further hearings on a final order. The best interests of a minor child must prevail over an alleged procedural error. *Sefa* v. *Sefa* (1970), 23 Mich App 679.

Plaintiff's motion was properly denied and the custody order of November 12, 1969, is affirmed.

All concurred.