## WOLD v JEEP CORPORATION

Docket No. 76842. Submitted December 18, 1984, at Lansing.—Decided March 18, 1985. Leave to appeal applied for.

Steven J. Wold brought an action for himself and on behalf of the estate of Julia Wold, an incapacitated person, against Jeep Corporation and American Motors Corporation in the Wayne Circuit Court. Jeep/AMC filed a motion for accelerated judgment on the grounds that the action was barred by the statute of limitations. Plaintiff's response in opposition to the motion was that, because Julia was legally insane, the running of the period of limitation was tolled. After discussion, the parties agreed to stipulate that Jeep/AMC's motion be denied and an order to this effect was signed and approved as to form and content by both attorneys. Neither the motion, response to the motion nor the order specified whether it addressed the plaintiff's cause of action as an individual or as guardian for Julia's estate or both. Venue was changed to the Gratiot Circuit Court. Plaintiff filed an amended complaint to add the Gratiot County Board of Road Commissioners as a codefendant. Jeep/AMC answered plaintiff's amended complaint and asserted the statute of limitations as an affirmative defense. Jeep/AMC filed a motion for accelerated judgment and specifically requested that plaintiff's claim for loss of consortium be dismissed, as the applicable period of limitation had run and was not tolled. Plaintiff objected on the grounds that Jeep/AMC had already given a consent judgment and that the running of the period of limitation had been tolled. The court held that the plaintiff's claim for loss of consortium was not tolled and was therefore barred, but Julia's estate's claims were tolled due to her mental incapacity. The court did not find the previous order signed by both parties to be a bar. Partial accelerated judgment was granted to Jeep/AMC and Gratiot County, Randy L. Tahvonen, J. Plaintiff appealed as an individual only. *Held:*

1. Jeep/AMC alleged in the motion for accelerated judgment in the Gratiot Circuit Court that the issue of the bar of the statute of limitations was raised against both plaintiffs in the

REFERENCE FOR POINTS IN HEADNOTE
51 Am Jur 2d, Limitation of Actions § 186 *et seq.*

motion for accelerated judgment in the Wayne Circuit Court. Jeep/AMC drew the order and approved it as to form and content. The Gratiot Circuit Court erred in granting accelerated judgment for Jeep/AMC.

2. One who maintains a separate and independent cause of action is not "claiming under" an injured mental incompetent, within the meaning of the statute which extends the period of limitation for mental incompetents or persons "claiming under" them, even where the causes of action arise from the same set of circumstances. Plaintiff's claim for loss of consortium is not a claim arising under Julia's estate's claim. Accelerated judgment for the Gratiot County Board of Road Commissioners was properly granted.

Affirmed in part and reversed in part.

LIMITATION OF ACTIONS — INCOMPETENCY — DERIVATIVE ACTIONS.

One who maintains a separate and independent cause of action is not "claiming under" an injured mental incompetent, within the meaning of the statute which extends the period of limitation for mental incompetents or persons "claiming under" them, even where the causes of action arise from the same set of circumstances (MCL 600.5851[1]; MSA 27A.5851[1]).

*Cicinelli, Mossner, Majoros & Alexander, P.C.* (by *Eugene D. Mossner),* for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance E. Mather),* for Gratiot County Board of Road Commissioners.

*Tyler, Reynolds, Kenny & Thayer, P.C.* (by *Renee Vintzel Loridas),* for defendant Jeep Corporation.

Before: WAHLS, P.J., and D. E. HOLBROOK, JR., and C. A. WICKENS,* JJ.

PER CURIAM. Plaintiff appeals as of right from the order granting defendant's motion for partial accelerated judgment pursuant to GCR 1963, 116.1(5) as to his claim for loss of consortium. This

* Circuit judge, sitting on the Court of Appeals by assignment.

action arose when plaintiff's wife, Julia, was seriously injured, both mentally and physically, in a roll-over type accident involving her 1974 CJ-5 Jeep on July 13, 1977. Plaintiff was appointed guardian of Julia's estate due to her mental incompetency on October 5, 1977.

On June 29, 1981, plaintiff filed a complaint both individually and as Julia's guardian against Jeep Corporation and American Motors Corporation. Jeep/AMC filed a motion for accelerated judgment on the grounds that the action was barred by the statute of limitations, MCL 600.5805(9); MSA 27A.5805(9). Plaintiff's response in opposition to the motion was that, because Julia was legally insane, the statute of limitations was tolled under MCL 600.5851(1); MSA 27A.5851(1). After discussion, the parties agreed to stipulate that Jeep/AMC's motion be denied and an order to this effect was signed and approved as to form and content by both attorneys. Neither the motion, response to the motion nor the order specified whether it addressed the plaintiff's cause of action as an individual or as guardian for Julia's estate or both. Plaintiff contends it applied to both while Jeep/AMC contends it only applied to the action for Julia's estate.

On May 23, 1983, Jeep/AMC's motion for change of venue was granted and venue was changed to Gratiot County. Plaintiff filed an amended complaint on July 25, 1983, to add the Gratiot County Board of Road Commissioners (Gratiot County) as a codefendant. Jeep/AMC answered plaintiff's amended complaint and asserted the statute of limitations as an affirmative defense. On September 23, 1983, Jeep/AMC filed a motion for accelerated judgment and specifically requested that plaintiff's claim for loss of consortium be dismissed, as the applicable period of limitation

had run and was not tolled. Plaintiff objected on the grounds that Jeep/AMC had already given a consent judgment and that the running of the period of limitation had been tolled.

The circuit court held that the plaintiff's claim for loss of consortium was not tolled and was therefore barred, but Julia's estate's claims were tolled due to her mental incapacity. The circuit court did not find the previous order signed by both parties to be a bar. Partial accelerated judgment was granted to Jeep/AMC and Gratiot County. Plaintiff is appealing as an individual only, and he contends that the order previously signed was a bar to relitigation of this issue and that the running of the period of limitation was tolled by Julia's insanity as to his claim as an individual for loss of consortium.

Plaintiff argues that, because Jeep/AMC had signed an order which they approved as to content and form, the order is the equivalent of a consent judgment. We agree and find that such order cannot be attacked or altered absent proof of a mistake, inadvertence, surprise or excusable neglect. 7 Callaghan's Michigan Pleading & Practice (2d ed), § 45.09, pp 106-107, GCR 1963, 528.3, and *Bohn v Bohn,* 26 Mich App 270; 182 NW2d 107 (1970), *lv den* 384 Mich 790 (1970). In the instant case Jeep/AMC asserts that the order only refers to Julia's estate's claims and not to any claims plaintiff has as an individual. Our review of the record reveals that the order does not specifically define to which claim or claims it refers. However, in the Gratiot County motion for accelerated judgment, Jeep/AMC states:

".7. That pursuant to GCR 116.1, these defendants properly raised their motion for Accelerated Judgment as to *both plaintiffs* on August 18, 1981." (Emphasis supplied.)

This paragraph indicates that, at the time Jeep/AMC brought the first motion for accelerated judgment, they considered their motion to apply to both actions. As Jeep/AMC prepared the order themselves, they are responsible for such orders. We cannot allow Jeep/AMC to complain as to the content and form of an order, signed by both parties and approved as to form and content. Accordingly we find that the trial court erred in granting Jeep/AMC accelerated judgment and that ruling is reversed as to Jeep/AMC only.

Plaintiff contends that the grant of accelerated judgment for Gratiot County is also in error. Plaintiff's claim is that his action for loss of consortium is a derivative cause of action which arises under the action of Julia's estate and that the tolling provisions of MCL 600.5851; MSA 27A.5851 are applicable. Therefore we must determine if plaintiff's claim is one that "arises under" his wife's claim. We have decided upon the meaning of "arising under" only once before, in *Walter v City of Flint,* 40 Mich App 613, 616; 199 NW2d 264 (1972), where we said:

"The phrase 'claiming under' in subsection 1 refers to a person who stands in place of the person who first sustained an injury, and who seeks to maintain the injured person's claim in his stead. However, one who maintains a separate but related cause of action is not 'claiming under' the original injured person."

Accordingly, we find no error in the trial court's decision to hold plaintiff's claim for loss of consortium as being barred by the statute of limitations, and affirm the grant of accelerated judgment as to Gratiot County.

Affirmed in part and reversed in part. Costs to appellant against Jeep/AMC. Costs to appellee Gratiot County against appellant.