## ANDERSON v ANDERSON

Docket No. 81311. Submitted April 2, 1985, at Grand Rapids.—Decided May 8, 1985.

Plaintiff, Terry L. Anderson, and defendant, Randy M. Anderson, were divorced in the Muskegon Circuit Court in 1979. The judgment of divorce provided for joint legal custody of their daughter between plaintiff and the Muskegon Friend of the Court. Actual physical custody was placed with plaintiff. On June 29, 1981, the parties filed a stipulation and order permitting plaintiff to remove the child from the state. Visitation with the defendant was to take place for 60 consecutive days during each summer upon 30 days' advance notice. Visitation took place as specified from 1981 to 1984. The parties also agreed to ten extra days of visitation during the summer. This raised the total summer visitation to 70 consecutive days. In May of 1984 a dispute arose. Plaintiff refused to allow visitation because the travel arrangements made by defendant would have required the child to transfer planes in Chicago in order to arrive in Grand Rapids or Muskegon. While the child was visiting in July of 1984 the defendant brought a motion to change custody alleging as a basis for the change "continual denial of visitation privileges". Plaintiff's counsel filed a motion to dismiss claiming the circuit court lacked jurisdiction. The trial court, Ronald H. Pannucci, J., denied the plaintiff's motion. On August 16, 1984, defendant was ordered to show cause why the child should not be returned to the plaintiff on August 22, 1984, as the parties had agreed. At the hearing the defendant agreed to return the child on that day. Defendant's attorney then made an oral motion to increase summer visitation to 70 days. The trial court granted this motion. Plaintiff appealed. Held:

1. A circuit court which acquires and exercises jurisdiction in

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 1145.

59 Am Jur 2d, Parent and Child § 25 et seq.

Extraterritorial effect of valid award of custody of child of divorced parents, in absence of substantial change in circumstances. 35 ALR3d 520.

[2] 24 Am Jur 2d, Divorce and Separation §§ 1011-1017.

59 Am Jur 2d, Parent and Child § 45.

a child custody matter in a divorce case retains jurisdiction even where both parents and the children are out-of-state residents. The Uniform Child Custody Jurisdiction Act did not change this law where no jurisdictional conflict with another state exists.

2. Prior to changing a visitation order, a trial court need not consider each statutory factor concerning the best interests of the child where there are no contested issues involved in the requested visitation.

Affirmed.

1. PARENT AND CHILD — CUSTODY OF CHILDREN — JURISDICTION.

A circuit court which acquires and exercises jurisdiction in a child custody matter in a divorce case retains jurisdiction even where both parents and the children are out-of-state residents; the Uniform Child Custody Jurisdiction Act did not change this law where no jurisdictional conflict with another state exists (MCL 552.17, 600.651 *et seq.*; MSA 25.97, 27A.651 *et seq.*).

2. PARENT AND CHILD — VISITATION — CHANGE IN VISITATION.

Prior to changing a visitation order, a trial court need not consider each statutory factor concerning the best interests of the child where there are no contested issues involved in the requested visitation (MCL 722.23; MSA 25.312[3]).

*Fielstra, Flynn, Reider, Wierengo & Brown, P.C.* (by *Richard K. Reider),* for plaintiff.

*Potuznik, Spaniola, Wilson & Anderson, P.C.* (by *Denis V. Potuznik),* for defendant.

Before: MacKENZIE, P.J., and CYNAR and WAHLS, JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order extending defendant's visitation period from 60 to 70 days and also appeals as of right from an order denying her motion to dismiss defendant's motion involving custody.

The parties were divorced on November 6, 1979. They had one child, Mandi Lynn, born August 5, 1977. The judgment of divorce provided for joint legal custody between plaintiff and the Muskegon

Friend of the Court. Actual physical custody was placed with the plaintiff. On June 29, 1981, the parties filed a stipulation and order permitting plaintiff to remove the child from the state. Visitation with the defendant was to take place for 60 consecutive days during each summer upon 30 days' advance notice. Visitation was also provided for during Christmas vacation. The parties also provided that plaintiff would be responsible for the child's transportation and expenses to defendant's home. Defendant was to be responsible for the child's expenses and transportation to the plaintiff's home.

Visitation took place as specified from 1981 to 1984. The parties also agreed to ten extra days of visitation during the summer. This raised the total summer visitation to 70 consecutive days.

In May of 1984 a dispute arose. Plaintiff refused to allow visitation because the travel arrangements made by defendant would have required the child to transfer planes in Chicago in order to arrive in Grand Rapids or Muskegon. While the child was visiting in July of 1984 the defendant brought a motion to change custody alleging as a basis for the change "continual denial of visitation privileges". Plaintiff's counsel filed a motion to dismiss claiming the circuit court lacked jurisdiction. The trial court denied the motion and plaintiff appealed the order to this Court as of right.

On August 16, 1984, defendant was ordered to show cause why the child should not be returned to the plaintiff on August 22, 1984, as the parties had agreed. At the hearing defendant agreed to return the child on that day. Defendant's attorney then made an oral motion to increase summer visitation to 70 days. The trial court granted this motion and plaintiff also appeals that order to this Court as of right.

Plaintiff's first claim is that the circuit court erred by finding that it had jurisdiction to hear the custody dispute under the Uniform Child Custody Jurisdiction Act (UCCJA), MCL 600.651 *et seq.;* MSA 27A.651 *et seq.* Plaintiff also claims the trial court abused its discretion by refusing to decline jurisdiction on the basis of *forum non conveniens.*

We do not believe either of these issues were involved in this case. The circuit court has continuing jurisdiction over the custody of children in a divorce case pursuant to MCL 552.17; MSA 25.97. *Williamson v Williamson,* 122 Mich App 667, 671; 333 NW2d 6 (1982). In cases preceding the enactment of the UCCJA the circuit court retained jurisdiction even if a custodial parent and the children lived in another state, *Hentz v Hentz,* 371 Mich 335; 123 NW2d 757 (1963), and even where both parents and the minor children were out-of-state residents, *Wallace v Wallace,* 23 Mich App 741; 179 NW2d 699 (1970). We do not believe the UCCJA changed the law as to jurisdiction over custody disputes in a situation like we have here. No jurisdictional conflict with another state exists; therefore, there was no need to apply the UCCJA.[1] It appears that the trial court reached the correct result, albeit for the wrong reason. We nonetheless affirm. *DeWitt Twp v Clinton County,* 113 Mich App 709, 713; 319 NW2d 2 (1982).

Defendant claims that the circuit court abused its discretion by increasing visitation by a total of ten days per year. We find that the record indi-

---

[1] The UCCJA was properly considered and applied in *Farrell v Farrell,* 133 Mich App 502, 510; 351 NW2d 219 (1984), and *Bigelow v Bigelow,* 119 Mich App 784, 791; 327 NW2d 361 (1982), because conflicting custody orders existed in other jurisdictions. We also note in passing that, if the UCCJA applied to this situation, the circuit court would have had jurisdiction under it. MCL 600.653(1)(b); MSA 27A.653(1)(b).

cates that the issue was waived at the hearing. Furthermore, we do not agree that the trial court had to consider each factor specified in MCL 722.23; MSA 25.312(3) because there were no contested issues involved in the visitation request.

Affirmed.