SALAZAR v BARRERA

Docket No. 80767. Submitted October 16, 1985, at Lansing.—Decided
February 3, 1986.

Manuel Salazar was shot while he was a patron at the Sheridan
Bar. He and Lydia Salazar brought a dramshop action against
Peter Barrera and FPB Development Corporation, doing busi-
ness as the Sheridan Bar. Defendant Barrera is the sole share-
holder of the defendant corporation. The plaintiffs did not
name an alleged intoxicated person (AIP), but alleged that the
AIP had not been identified. The AIP was ultimately named,
but after the expiration of the two-year period of the limitation
for dramshop actions. Defendants brought a motion for sum-
mary judgment, alleging, *inter alia,* that plaintiffs had failed to
use due diligence in naming and retaining the AIP. The Sagi-
naw Circuit Court, Fred J. Borchard, J., denied the motion for
summary judgment. Defendants appealed by leave granted.
*Held:*

1. The failure to name and retain the AIP does not preclude
the maintenance of a dramshop action where the identity of
the AIP is unknown. In such a case the plaintiff must show
that he exercised due diligence in attempting to identify the
AIP. The same rule applies here, where the AIP was ultimately
named, even though the two-year limitation period had expired.

2. The trial court's opinion in denying defendants' motion, as
well as the court's earlier denial of an earlier defense motion
for summary judgment, does not clearly indicate whether the
court considered the issue of plaintiffs' due diligence. The case
is therefore remanded for further consideration of the issue and
appropriate disposition based upon the court's findings.

Remanded.

REFERENCES

Am Jur 2d, Limitation of Actions §§ 108, 128, 289, 294, 295, 453.

Am Jur 2d, Summary Judgment §§ 12-19, 26.

Tavern keeper's liability to patron for third person's assault. 43
ALR4th 281.

Choice of law as to liability of liquor seller for injuries caused by
intoxicated person. 2 ALR4th 952.

Common-law right of action for damage sustained by plaintiff in
consequence of sale or gift of intoxicating liquor or habit-forming
drug to another. 97 ALR3d 528.

1. LIMITATION OF ACTIONS — DRAMSHOP ACT.

Any action brought under the dramshop act must be instituted within two years of the injury or death upon which the action is based (MCL 436.22; MSA 18.993).

2. PLEADING — DRAMSHOP ACT — NAME AND RETAIN PROVISION.

The dramshop act requires that the alleged intoxicated person be named and retained in the action until the conclusion of the case; however, where the identity of the alleged intoxicated person is unknown, the plaintiff is not precluded from maintaining the action but must show that due diligence was exercised in attempting to identify the alleged intoxicated person; the requirement of due diligence applies both where the alleged intoxicated person is never named and where he is ultimately named, but after the two-year period following the plaintiff's injury (MCL 436.22; MSA 18.993).

3. MOTIONS AND ORDERS — FINDINGS OF FACT — SUMMARY JUDGMENT — ACCELERATED JUDGMENT.

A trial court need not state its factual findings on the record when ruling on a motion for summary judgment or accelerated judgment since, in the case of such a motion, the facts are assumed as pled, are undisputed, or the findings are obvious given the result (GCR 1963, 517.1).

*William T. Street,* for plaintiffs.

*Seward, Tally & Piggott, P.C.* (by *John W. Piggott*), for defendants.

Before: V. J. BRENNAN, P.J., and BEASLEY and J. P. NOECKER,* JJ.

J. P. NOECKER, J. In this dramshop action, defendants appeal the trial judge's order denying defendants' motion for summary judgment pursuant to GCR 1963, 117.2(3). Defendants' motion was based on the allegation that plaintiffs had failed to name and retain the alleged intoxicated person (AIP) within the two-year dramshop act period of limita-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion, MCL 436.22; MSA 18.993.[1] The case is before this Court on interlocutory leave to appeal.

On June 8, 1981, Manuel Salazar was shot in the stomach while a patron at the Sheridan Bar in Saginaw. A civil suit was commenced against FPB Development Corporation, owner of the bar, and Peter Barrera, sole shareholder of the corporation. The complaint did not name an AIP, but alleged, in the body of the complaint, that the AIP had not been identified and that plaintiffs would continue to exercise due diligence to identify the AIP.

On November 8, 1982, defendants filed a motion for summary judgment pursuant to GCR 1963, 117.2(1), alleging, *inter alia,* that plaintiffs had failed to name and retain the AIP. In its opinion disposing of this motion, the court held that "at this stage of the proceedings the Motion for Summary Judgment should be denied".[2]

Defendants' second motion for summary judgment, pursuant to GCR 1963, 117.2(3), was filed June 27, 1984, after the two-year period had expired, and alleged, *inter alia,* that plaintiffs had failed to use due diligence in naming and retaining the AIP. The trial court again denied defendants' motion. It is the denial of that motion from which defendants appeal.

For reasons discussed below, it is this Court's finding that defendants' motions may not have been given proper consideration by the trial court, and the case is remanded for further proceedings consistent with this opinion.

---

[1] Arguably, defendants' motion should have been for accelerated judgment pursuant to GCR 1963, 116. The record reveals, however, that the trial court was well aware that the basis of the motion was a period of limitation claim.

[2] Opinion on defendant's motion for summary judgment, filed May 4, 1983.

## THE NAME AND RETAIN PROVISION

The dramshop act provides that any action brought under the act must be instituted within two years of the injury or death.[3] In addition, the act provides that no action shall be commenced unless the AIP is named as a party defendant and retained until the conclusion of the case. The purpose of the name and retain provision was to prevent collusion between plaintiffs and intoxicated tortfeasors to release the tortfeasor and seek liability from the bar only.[4] In *Salas v Clements*, 399 Mich 103; 247 NW2d 889 (1976), the Michigan Supreme Court held that the name and retain provision would not prevent the maintenance of an action where the plaintiff did not know the identify of the AIP. This result was necessary because the dual legislative policies of allowing recoveries against culpable bar owners while preventing collusion between plaintiffs and AIPs would not have been advanced by preventing the maintenance of an action when the AIP could not be named despite plaintiffs' diligence.

An issue not addressed by *Salas*, and present in the instant case, is whether the failure to name and retain the AIP within two years of a plaintiff's injury will bar an action where the AIP is ultimately named, albeit beyond the two-year period. The *Salas* Court held that in the case where the AIP is not named within two years of the plaintiff's injury, the trial court, on defendant's motion, must hold a hearing at which the plaintiff must show that he exercised due diligence in attempting to determine the identity of the AIP. In this Court's opinion, the rule should not be different when the AIP is ultimately found. Indeed, it would

[3] MCL 436.22; MSA 18.993.

[4] *Putney v Haskins*, 414 Mich 181; 324 NW2d 729 (1982).

be ironic if a plaintiff were required to exercise due diligence to identify the AIP, then be penalized for finding him. However, the reasoning of *Salas* requires that the plaintiff exercise due diligence, and this rule should also apply in the situation where the AIP is ultimately found. The purpose of the limitations provision of the act would not be served if the plaintiff's belated naming of the AIP excused plaintiff's two-year neglect in ascertaining the AIP's identity.

Consequently, it is this Court's holding that in the situation where the AIP is ultimately found, but beyond the two-year period following a plaintiff's injury, it is incumbent upon the plaintiff, on defendant's motion for summary judgment, to show that due dillegence was exercised during the two-year period.

### The Disposition of Defendants' Motions in This Case

In the case at bar, it is appellants' claim that the trial court made no finding that plaintiffs had exercised due diligence during the two-year period following the injury. Appellants claim that the denial of their first motion for summary judgment was based on the reasoning that it would be premature to dismiss, within the two-year period, for failure to name the AIP. Appellants claim that the denial of their second motion for summary judgment (brought after the expiration of the two-year period) was based on the reasoning that the ultimate naming of the AIP cured all defects with respect to plaintiffs' lack of diligence, if there was any.

On November 29, 1982, a hearing was held on defendants' first motion for summary judgment at which testimony was offered by plaintiffs to the

effect that they had exercised due diligence in seeking the identity of the AIP. The motion was erroneously brought pursuant to GCR 1963, 117.2(1). Although the record reveals that it was well understood that plaintiffs' due diligence was the issue, the framing of that issue in the context of a charge of failure to state a claim may have caused some confusion. Plaintiffs' counsel argued, after a factual dispute developed as to plaintiffs' due diligence, that:

"It was my understanding that this was a motion for summary judgment based upon GCR 117.2(1) which has to do with the legal standard of the pleadings failing to state a cause upon which relief can be granted as opposed to a summary judgment motion that was going to be getting into additional issues, which, very frankly, there is going to be a factual dispute on all of this; in particular, this last witness' testimony.

\* \* \*

"Now, if counsel wants to bring in additional matters and make this a summary judgment motion—because there is no disputed issue of material facts—all I can say: there is a lot of disputed issues of material facts upon the expanded issue we have had in court."

It is clear from the above that plaintiffs' counsel was under the misimpression that defendants' motion was to be judged by the standards applicable to summary judgment motions, rather than the standard announced in *Salas, i.e.,* that the plaintiff must show at the hearing that he exercised due diligence.

The trial court's opinion on this motion for summary judgment, filed May 4, 1983, does not make it clear whether the trial court's denial of defendants' motion was based on a finding that plaintiffs had exercised due diligence:

"The Court having read said Motion and Answer

thereto and having heard arguments in open court and after examined briefs submitted by counsel is of the opinion that at this stage of the proceedings the Motion for Summary Judgment should be denied."

Thus, the trial court's opinion appears to have been based on the rationale that a motion for dismissal within the two-year period would be premature. This rationale is clearly correct, because even if plaintiffs had not exercised diligence, the case could not have been dismissed before the expiration of the limitation period. However, the rationale suggests that the court did not consider whether plaintiffs had exercised due diligence.

Defendants' second motion for summary judgment, filed after the expiration of the two-year period, was brought, again erroneously, pursuant to GCR 1963, 117.2(3). The record does not reveal whether additional testimony was heard by the court before it filed its opinion on this motion on July 31, 1984. The opinion, however, suggests that the court may have denied defendant's motion on a finding of lack of prejudice (because the AIP was ultimately named) rather than on a finding that plaintiffs had exercised due diligence during the two-year period:

"On June 4, 1984, Plaintiffs' [sic] moved for Leave to Amend the Complaint adding a named co-defendant, the alleged intoxicated person. This Motion was granted by the Court, finding no prejudice to Defendant in granting said Motion.

"The statutory name and retain requirement is to discourage collusion and perjury as well as token settlements with the alleged intoxicated person and the latter assistance to Plaintiff in the prosecution of a cause of action against Defendant Tavern Owners.

"It is further well settled that the 'name and retain' provisions of the Michigan Dram Shop Act does not operate as a bar to a cause of action under the Act

where Plaintiff shows that the identity of the alleged intoxicated person is unknown and due diligence has been exercised to ascertain the identity of the person. (Citations omitted.)

"In the case at bar, the Plaintiff has now named the alleged intoxicated person and the Court finds no prejudice to the Defendant because the AIP was named more than two (2) years after the cause of action arose."

This Court is cognizant of the rule that the trial court need not state its factual findings on the record in ruling on motions for summary judgment or accelerated judgment.[5] The rule excuses the trial court from making factual findings on such motions, either because facts are assumed as plead, are undisputed, or, in the case of accelerated judgments, the findings are obvious given the result.[6]

However, in the instant case, the lack of a factual finding makes it impossible for this Court to determine whether the trial court correctly applied the law. The trial court's reasoning on defendants' first motion for summary judgment suggests that the issue of due diligence was not considered because the motion was premature. And the trial court's reasoning on defendants' second motion for summary judgment suggests that the trial court was of the opinion that a showing of due diligence need not be made when the AIP is ultimately named, even if after the expiration of the two-year period.

Because the trial court did not have the benefit of having a dispositive case on the specific issue before it, and because the trial court's reasoning suggests that there might have been error with respect to the applicable law, the case is remanded

---

[5] GCR 1963, 517.1.

[6] 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 593.

to the trial court for further consideration in light of this Court's holding. The trial court is instructed that if it finds, or did find, that plaintiffs had failed to exercise due diligence, during the two-year period following Mr. Salazar's injury, in naming the AIP, then the case should be dismissed.[7] If the court finds, or did find, that plaintiffs had exercised due diligence during the two-year period, then the order denying defendants' motion for summary judgment may stand. Neither party having prevailed in full, no costs are awarded.[8]

Remanded.

---

[7] Defendants have raised, for the first time on appeal, newly discovered evidence bearing on the question of plaintiffs' due diligence. This evidence comes from the deposition of Felipe Carranze, the AIP whose identity was eventually discovered. In the event that the trial court after reconsideration maintains its denial of defendants' motion for summary judgment, this issue is properly raised on motion for reconsideration below. 5 CJS, Appeal & Error, § 1521 *et seq.*

[8] MCR 7.219(A).