NAPORA v NAPORA

Docket No. 89977. Submitted July 28, 1986, at Detroit. Decided October 29, 1986.

Plaintiff, Norman Napora, and defendant, Janet Napora, were divorced by order of the Oakland Circuit Court. Custody of the parties' three minor children was originally granted to defendant. Defendant was subsequently granted permission by the court to remove the children to Texas. Plaintiff moved for modification of the divorce judgment and requested that he be awarded custody of the two youngest children. The parties thereafter entered into a stipulation providing that plaintiff would gain custody of one of the children, Andrew. The Oakland Circuit Court, James S. Thorburn, J., incorporated the stipulation in an order transferring custody of Andrew to plaintiff. Defendant objected to entry of the modified order, claiming that she had entered into the stipulation only as an interim solution to the parties' dispute because she could not afford to travel from Texas to respond to defendant's motion for a change in custody, that a change in custody was not in Andrew's best interests, and that Texas was the proper forum for resolution of the parties' dispute. The court disregarded defendant's objections without hearing them and concluded the stipulation involved no fraud or coercion, that defendant's financial situation did not amount to duress, and that the stipulation was therefore binding. Defendant appealed.

The Court of Appeals held:

1. The trial court erred in believing that it was required to uphold the stipulation of the parties. Despite any agreement which the parties may reach in regard to the custody of their child, physical custody should not be changed where a custodial environment is found to exist absent clear and convincing evidence that the change is in the best interests of the child. It

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1003, 1011, 1016.
Am Jur 2d, Infants §§ 42-44.
Am Jur 2d, Parent and Child §§ 25, 28, 31-33, 37.
See the annotations in the Index to Annotations under Custody and Support of Children.

is necessary to remand to the trial court for consideration of whether an established custodial environment exists and, if so, whether changing custody would be in Andrew's best interests as that term is defined in the Child Custody Act.

2. The trial court did not err in refusing to consider, until the prior order was complied with and custody of Andrew was transferred to plaintiff, defendant's motion requesting that the court decline jurisdiction.

Affirmed in part, reversed in part and remanded.

J. T. KALLMAN, J., dissented from the majority's holding that the trial court erred in concluding that it was required to uphold the stipulation of the parties. No specific findings are necessary where factual issues are uncontested, and the Child Custody Act mandates hearing and consideration of the best interest factors only when the court is presented with a custody dispute. There was no dispute in this case and thus no concomitant need for determination of each of the best interest factors. Due to circumstances in part the responsibility of defendant, the trial court never held an evidentiary hearing on her allegation that she was compelled to agree to the custody change because of inadequate finances. Judge Kallman would hold that, at most, defendant is entitled to a hearing on that issue. He would remand to the trial court for a determination of whether the stipulation should be set aside due to fraud, mistake or duress.

1. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY.

A court may not modify or amend an order so as to change a child's established custodial environment unless the court is presented with clear and convincing evidence that such a change is in the best interests of the child (MCL 722.27[c]; MSA 25.312[7][c]).

2. PARENT AND CHILD — CHILD CUSTODY — BEST INTERESTS OF CHILD.

The best interest of the child is the controlling factor in any custody dispute (MCL 722.25; MSA 25.312[5]).

3. APPEAL — CHILD CUSTODY — PARENT AND CHILD.

The Court of Appeals will affirm a child custody disposition unless the trial court makes findings of fact against the great weight of the evidence, commits a palpable abuse of discretion, or commits a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

4. PARENT AND CHILD — DIVORCE — RIGHTS OF CHILDREN.

A parent may not bargain away a child's rights by agreement with a former spouse.

5. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY.
    Physical custody of a child should not be changed where a
    custodial environment is found to exist absent clear and con-
    vincing evidence that the change is in the best interests of the
    child.

*Judith Dennehy Doran,* for plaintiff.

*Langs, Schatzberg, Patterson & Langs* (by *E. Philip Adamaszek*), for defendant.

Before: SULLIVAN, P.J., and ALLEN and J. T. KALLMAN,* JJ.

PER CURIAM. On January 8, 1986, the Oakland Circuit Court modified the parties' divorce judgment with respect to custody of their eleven-year-old son, Andrew. Custody was transferred to plaintiff. The order changing custody embodied a stipulation of the parties made in open court on November 8, 1985. Defendant Janet Napora objected to entry of the modified custody order, claiming: (1) that she had entered into the stipulation only as an interim solution to the parties' dispute because she could not afford to travel from Texas to respond to defendant's motion for a change in custody; (2) that a change in custody was not in Andrew's best interests; and (3) that Texas was the proper forum for resolution of the parties' dispute. The trial judge disregarded her objections without hearing them and concluded that the stipulation involved no fraud or coercion, that her financial situation did not amount to duress, and that the stipulation was therefore binding. Defendant appeals from the order as a matter of right. We reverse and remand to the circuit court for further proceedings.

The parties' divorce judgment, dated February

---

* Circuit judge, sitting on the Court of Appeals by assignment.

12, 1980, granted defendant Janet Napora custody of the parties' three children. Following a hearing on August 19, 1981, the court granted defendant's motion to remove the children from the State of Michigan to Texas. Plaintiff was granted liberal visitation in Texas, as well as visitation in Michigan for all but four weeks of the children's summer vacations. The summer visitations apparently took place without incident until the summer of 1985. Although the parties' oldest child, sixteen-year-old Jennifer, did not visit during the summer of 1984 or 1985, her absence was apparently not the subject of any legal controversy. However, when Christine, the parties' ten-year-old, did not accompany Andrew in the summer of 1985, an order to show cause was issued to defendant. It is unclear whether Christine ultimately came to visit as a result of this order or because she changed her mind and decided she wanted to visit her father.

In any event, on August 5, 1985, plaintiff Norman Napora moved for modification of the divorce judgment and requested that he be awarded custody of Andrew and Christine. Defendant filed a written response on August 10, 1985, which contained allegations that, if true, would call into question the propriety of changing the custody arrangement. In other words, the response indicated that a change in custody might not be in the children's best interests.

An evidentiary hearing was scheduled for September 10, 1985, where proofs on the allegations in the plaintiff's motion and defendant's response were to be presented. Prior to this date, the court ordered that Christine and Andrew be returned to Texas. Although somewhat unclear, it appears that the September 10 hearing never took place. However, on November 8, 1985, the parties en-

tered into the subject stipulation. This agreement provided that plaintiff would gain custody of Andrew, but did not contain an agreement as to any facts which might shed light on what disposition would be in Andrew's best interests. A stipulation may serve this purpose where such facts are set out on its face and where the court has previously considered the issue of custody as well as having reports from the Friend of the Court. The subsequent order, incorporating the stipulation, was based solely on the stipulation. It was not based on any evidence or on any consideration of Andrew's best interests.

The term "best interests of the child" is defined by MCL 722.23; MSA 25.312(3), as the sum total of the following factors to be considered, evaluated and determined by the court:

> (a) The love, affection and other emotional ties existing between the parties involved and the child.
> (b) The capacity and disposition of the parties involved to give the child love, affection and guidance and continuation of the educating and raising of the child in its religion or creed, if any.
> (c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.
> (d) The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity.
> (e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
> (f) The moral fitness of the parties involved.
> (g) The mental and physical health of the parties involved.
> (h) The home, school and community record of the child.

(i) The reasonable preference of the child if the court deems the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.

(k) Any other factor considered by the court to be relevant to a particular child custody dispute.

A court may not modify or amend an order so as to change a child's established custodial environment unless the court is presented with clear and convincing evidence that such a change is in the best interests of the child. MCL 722.27(c); MSA 25.312(7)(c). The best interest of the child is the controlling factor in any custody dispute. MCL 722.25; MSA 25.312(5). This Court will affirm a child custody disposition unless the trial court makes findings of fact against the great weight of the evidence, commits a palpable abuse of discretion, or commits a clear legal error on a major issue. MCL 722.28; MSA 25.312(8); *Theroux v Doerr,* 137 Mich App 147, 149; 357 NW2d 327 (1984).

In the present case, we find that the trial court erred by believing that it was required to uphold the stipulation of the parties. Although stipulations are favored by the judicial system and are generally upheld, *Meyer v Rosenbaum,* 71 Mich App 388, 393; 248 NW2d 558 (1976), a parent may not bargain away a child's right by agreement with a former spouse. *Sayre v Sayre,* 129 Mich App 249, 252; 341 NW2d 491 (1983) (pertaining to child support as opposed to child custody). Despite any agreement which the parties may reach in regard to the custody of their child, where a custodial environment is found to exist physical custody should not be changed absent clear and

convincing evidence that the change is in the best interests of the child. *Moser v Moser,* 130 Mich App 97; 343 NW2d 246 (1983). Accordingly, we find it necessary to remand to the trial court for consideration of whether an established custodial environment exists and, if so, whether changing custody would be in the best interest of Andrew as that term is defined by MCL 722.23; MSA 25.312(3).

Defendant also argues that the trial court erred in its disposition of her motion requesting that the court decline jurisdiction. The court refused to consider the matter until the prior order was complied with and custody of Andrew was transferred to plaintiff. Seconds later, the court indicated it was denying the motion. Although the basis for denial is unclear, based on *Anderson v Anderson,* 142 Mich App 837, 840; 371 NW2d 435 (1985), we find no error.

We reverse the decision of the trial court with respect to the change of Andrew's custody and remand for proceedings consistent with this opinion.

J. T. KALLMAN, J. *(dissenting).* I respectfully dissent from the majority's holding that the trial court erred in concluding that it was required to uphold the stipulation of the parties. I believe that both the letter and the spirit of the Child Custody Act, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.,* support the opposite conclusion.

Section 7 of the act, MCL 722.27; MSA 25.312(7), provides in part:

(1) If a *child custody dispute* has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the

circuit court, for the best interests of the child the
court may:

* * *

(c) Modify or amend its previous judgments or
orders for proper cause shown or because of
change of circumstances until the child reaches 18
years of age. The court shall not modify or amend
its previous judgments or orders or issue a new
order so as to change the established custodial
environment of a child unless there is presented
clear and convincing evidence that it is in the best
interest of the child. The custodial environment of
a child is established if over an appreciable time
the child naturally looks to the custodian in that
environment for guidance, discipline, the necessi-
ties of life, and parental comfort. The age of the
child, the physical environment, and the inclina-
tion of the custodian and the child as to perma-
nency of the relationship shall also be considered.
[Emphasis added.]

Accordingly, this Court has held that a trial
court's failure to make specific findings of fact
regarding each of the best interest factors is error
requiring reversal. *Currey v Currey,* 109 Mich App
111, 117-118; 310 NW2d 913 (1981); *Zawisa v Zaw-
isa,* 61 Mich App 1, 5; 232 NW2d 275 (1975).

However, in such cases, a controversy existed
between the parties regarding custody. Signifi-
cantly, the basis for this Court's holding that
specific findings of fact must be rendered as to
each statutory factor was GCR 1963, 517.1, now
MCR 2.517(A). *Zawisa, supra.* That court rule re-
quires trial courts to specifically and separately
state their findings of fact and conclusions of law
when a matter is heard without a jury. The pur-
pose of the rule requirement is to facilitate appel-
late review. *Petrey v Petrey,* 127 Mich App 577,
579; 399 NW2d 226 (1983). Thus, no specific find-
ings are necessary where a trial court disposes of a

matter by summary disposition or where the factual issues are uncontested. *Salazar v Barrera,* 148 Mich App 624, 631; 384 NW2d 826 (1986); *People v Robinson,* 145 Mich App 562, 565-566; 378 NW2d 551 (1985).

The Child Custody Act mandates hearing and consideration of the best interest factors only when the court is presented with a "custody dispute." Here, the parties presented the court with an agreement to change Andrew's custody. Hence, there was no "dispute" and thus no concomitant need for determination of each of the best interest factors. The majority's conclusion is not mandated by the Child Custody Act.

Moreover, the policy considerations which lead courts to enforce stipulations apply here. It is important that parties be able to settle cases fairly and finally on the record, and such settlement should not be upset because of any subjective hesitation or secret reservation on the part of either party. *Meyer v Rosenbaum,* 71 Mich App 388, 393; 248 NW2d 558 (1976). Thus, when a party approves an order or consents to a judgment by stipulation, the resultant judgment or order is ordinarily binding upon the parties and the court. *Wold v Jeep Corp,* 141 Mich App 476, 479; 367 NW2d 421 lv den 423 Mich 859 (1985); *Christopher v Nelson,* 50 Mich App 710, 712; 213 NW2d 867 (1973), lv den 391 Mich 819 (1974).

Mutually agreeable settlements are particularly valuable in child custody cases. The act itself provides that it is to be "liberally construed and applied to establish promptly the rights of the child and the rights and duties of the parties involved." MCL 722.26; MSA 25.312(6). Few methods are quicker and less strenuous on family relationships than agreements of the parties. If a court accepts and enforces a stipulated custody arrange-

ment, the affected child is relieved of the tension and competition of parents often present in custody hearings. Such results, serving the child's best interest, should be encouraged.

Nor does enforcement of custody stipulations deprive either parent or the child of future remedy. If circumstances and facts change so that the child's interest would be better served by changing custody, a petition to change custody may always be filed pursuant to MCL 722.27; MSA 25.312(7). Similarly, if the stipulation was obtained by fraud, mistake or unconscionable advantage, it may be set aside upon proper pleading and proofs. *Greaves v Greaves,* 148 Mich App 643, 646; 384 NW2d 830 (1986).

Due to circumstances in part the responsibility of appellant, the trial court never held an evidentiary hearing on her allegation that she was compelled to agree to the custody change because of inadequate finances. At most, the appellant is entitled to a hearing on that issue. I would therefore remand to the trial court for a determination of whether the stipulation should be set aside due to fraud, mistake or duress.