*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KARRIE KAHL,

        Plaintiff-Appellee,

v

BUDDY KASTEN,

        Defendant-Appellant.

UNPUBLISHED
January 15, 2026
1:38 PM

No. 372185
Livingston Circuit Court
Family Division
LC No. 2020-055000-DM

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM

Plaintiff and defendant entered into a consent judgment of divorce that contained a provision concerning their shared children. Specifically, the provision stated that a change in defendant's residence would be considered a "change of circumstances" and "proper cause" to revisit parenting time. When defendant moved to modify the parenting time after changing residences, a Friend of the Court referee recommended that his motion be denied. The trial court denied defendant's objections to the referee's recommendation. Because parties may not stipulate to conditions that are required for a trial court's determination regarding a child's best interests, we affirm.

## I. BACKGROUND

The parties are the biological parents to four children. The consent judgment of divorce (CJOD) awarded joint legal custody of the children to both parties, and there was no explicit determination regarding physical custody. At issue in this appeal, the CJOD provided the following:

> 2. **Parenting Time.** The parenting time schedule for the parties is set forth below:

> \* \* \*

-1-

[Defendant] is currently living with his father and overnight parenting time is not occurring with the younger children, [SK] and [EK]. Overnight parenting is occurring with [LK]. Until such time as [defendant] obtains his own living accommodations, independent of his father, the parenting time schedule between [defendant] and the children shall occur as it has during the pendency of this action.

At such time as [defendant] vacates his father's home and obtains his own living accommodations, the issue of parenting time shall be reviewed, the parties agreeing that [defendant] vacating his father's home constitutes a "change of circumstances" and "proper cause" to revisit the issue of [defendant's] parenting time. If the parties are unable to agree on a parenting time schedule, either party may file an appropriate petition with the Court.

Defendant subsequently moved out of his father's house and thereafter filed a motion for a modification of parenting time and support. Plaintiff argued that defendant was essentially requesting a change in custody because she had been the primary-physical custodian of the children for the last three years. Relatedly, she asserted that the children's established custodial environment existed with her and that defendant's request for equal parenting time would modify that environment.

The referee held a hearing and recommended that defendant's motion be denied. While noting that the parties were free to agree to a "condition precedent warranting a review of parenting time" among themselves, the referee determined that "[t]o the extent that the Judgment of Divorce provides that the parties agreed that a move from the paternal grandfather's home would constitute proper cause or a change of circumstances to satisfy the required threshold finding by the Court, the parties may not stipulate to waive the courts authority and obligation to make an independent finding." Because "an independent finding by the Court must be made by the Court at the time that the issue is brought before the Court anew," the referee found the provision to be "nugatory."

Further, the referee concluded that defendant's motion was properly construed as a request to change custody because he requested an "approximately twofold" increase in his parenting time with SK and EK. Accordingly, the referee applied the more stringent standard of review to defendant's request, as established by *Vodvarka v Grasmeyer*, 259 Mich App 499, 511, 513-514; 675 NW2d 847 (2003).

The referee also held that the children had an established custodial environment with plaintiff, and that defendant had failed to show proper cause or change of circumstances because the only evidence that he offered in support of his motion was the fact that he no longer lived with his father and that he had been exercising more parenting time by agreement of both parties. The referee recommended denial of defendant's motion.

Defendant objected to the referee's recommendation in the trial court, and the parties reiterated their previous arguments. The trial court agreed with the referee that defendant's motion was properly considered a change of custody rather than a request to modify parenting time, and it referred to defendant's change of residence as an event that happens in "the normal course of life." The trial court further rejected the notion that parties could stipulate to a proper cause or

change of circumstances and affirmed the referee's recommendation regarding that issue. The trial court disagreed with defendant, essentially stating that people cannot simply stipulate that "there shall be a review at this time because there's been a change of circumstances because he changed housing." The trial court stated that if such a provision was put in every judgment, such provisions would cause "chaos." The trial court found that defendant had failed to show proper cause or a change of circumstances.

The trial court subsequently entered a written order denying defendant's objections. Defendant now appeals, arguing that the trial court erred in its determination that parties cannot stipulate to which events constitute a change of circumstances.

## II. ANALYSIS

"In matters involving child custody, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." *Kuebler v Kuebler*, 346 Mich App 633, 652-653; 13 NW3d 339 (2023) (quotation marks and citation omitted). Furthermore, this Court has explained that it

> will not interfere with the trial court's factual findings unless the facts clearly preponderate in the opposite direction. Discretionary rulings, including a trial court's decision to change custody, are reviewed for an abuse of discretion. In child custody cases specifically, an abuse of discretion retains the historic standard under which the trial court's decision must be palpably and grossly violative of fact and logic. Clear legal error occurs when the trial court incorrectly chooses, interprets, or applies the law. . . . This Court gives deference to the trial court's factual judgments and special deference to the trial court's credibility assessments. [*Id*. at 653 (quotation marks and citation omitted).]

"As set forth in MCL 722.27(1)(c), when seeking to modify a custody or a parenting-time order, the moving party must first establish proper cause or a change of circumstances before the court may proceed to an analysis of whether the requested modification is in the child's best interests." *Id*. at 668 (quotation marks and citation omitted). The standard for making this threshold showing with respect to a request to change custody was set in *Vodvarka*, 259 Mich App at 509-514. The *Vodvarka* standard has been summarized as follows:

> To establish a change of circumstances sufficient for a court to consider modifying a custody order, the movant must prove by a preponderance of the evidence that since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a significant effect on the child's well-being, have materially changed. The evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. To establish proper cause necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by

the trial court. As is the case with a change of circumstances, the appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. [*Kuebler*, 346 Mich App at 668-669 (quotation marks, brackets, and citation omitted).]

"Whereas the primary concern in child custody determinations is the stability of the child's environment and avoidance of unwarranted and disruptive custody changes, the focus of parenting time is to foster a strong relationship between the child and the child's parents." *Shade v Wright*, 291 Mich App 17, 28-29; 805 NW2d 1 (2010). "Therefore, although normal life changes typically are insufficient to establish the proper cause or change of circumstances required to proceed to consideration of a child custody order, such changes may be sufficient for a court to consider modification of a parenting-time order unless the requested change would alter the established custodial environment." *Lieberman v Orr*, 319 Mich App 68, 83; 900 NW2d 130 (2017).

## A. CONSENT JUDGMENT OF DIVORCE

Defendant first argues that the trial court erred in denying his objections because it was bound by the CJOD to consider his change of residence as a "change of circumstances" and "proper cause" to revisit parenting time since this Court in *Koron v Melendy*, 207 Mich App 188, 191-192; 523 NW2d 870 (1994), held that "the court is not precluded from accepting the parties' agreement and including it in the orders of the court," and "in cases where the parties are in agreement regarding custody and visitation and present the court with such an agreement, the trial court need not expressly articulate each of the best interest factors."

Defendant's argument is misplaced, however, because while parties are encouraged to work with each other to settle custody and parenting-time issues, they cannot through stipulation or agreement deprive the trial court of its statutorily-mandated duty to determine the best interests of a child. See *Harvey v Harvey*, 470 Mich 186, 192-194; 680 NW2d 835 (2004); *Stoudemire v Thomas*, 344 Mich App 34, 47; 999 NW2d 43 (2022); and *Phillips v Jordan*, 241 Mich App 17, 21; 614 NW2d 183 (2000). Furthermore, defendant ignores that this Court in *Koron* also held that, "[i]mplicit in the trial court's acceptance of the parties' custody and visitation arrangement is the court's determination that the arrangement struck by the parties is in the child's best interest." *Koron*, 207 Mich App at 191-192. Therefore, consistent with *Koron*, the trial court may include the parties' agreement in a custody or visitation order after making findings that such agreement is consistent with the best interests of the child or children at issue.

Defendant also argues that the trial court erred because the CJOD was signed by a judge, and therefore, defendant's change of residence was already considered by a trial court to be a change of circumstances or proper cause. In support of his proposition, defendant relies on our Supreme Court's holding, in *Harvey*, 470 Mich at 193, that a "judge signs an order only after profound deliberation and in the exercise of the judge's traditional broad discretion." Our Supreme Court in *Harvey* explained further that its "holding should not be interpreted, where the parties have agreed to a custody arrangement, to require the court to conduct a hearing or otherwise engage in intensive fact-finding" because all that is required "is that the court satisfy itself concerning the best interests of the children." *Id.* at 192-193.

Defendant ignores, however, that our Supreme Court in *Harvey* also went on to hold that "the deference due [to] parties' negotiated agreements does not diminish the court's obligation to examine the best interest factors and make the child's best interests paramount." *Id.* at 193. "Permitting the parties, by stipulation, to limit the trial court's authority to review custody determinations would nullify the protections of the Child Custody Act and relieve the circuit court of its statutorily imposed responsibilities." *Id.* at 194.

Even though a trial court accepted the stipulation of the parties in the CJOD, that stipulation did not relieve the trial court of its obligation to determine whether the conditions precedent to a change in custody were present and satisfied the best-interests of the children three years later. Moreover, our Supreme Court and this Court have repeatedly held that "[p]arties to a divorce judgment cannot by agreement usurp the court's authority to determine suitable provisions for the child's best interest." *Lombardo v Lombardo*, 202 Mich App 151, 160; 507 NW2d 788 (1993). See also *Wiersma v Wiersma*, 241 Mich 565, 566; 217 NW 767 (1928) (holding that the "law of this state is settled that the parents may not bargain away the children's welfare, the children's rights, that the court may always do what seems reasonable and necessary to protect the children's rights . . . . "); *Sayre v Sayre*, 129 Mich App 249, 252; 341 NW2d 491 (1983) (holding that a "stipulation order entered in the Hawaii court [was] devoid of any findings of fact or information relative to the circumstances of the parties or their children" because "all the factors relevant to the parties' circumstances and the needs of the children must be considered when determining to grant a request for an increase in child support, it was error for the trial court to find that the 1980 stipulation and order precluded the granting of plaintiff's petition for modification."); *Napora v Napora*, 159 Mich App 241, 246; 406 NW2d 197 (1986) (holding that "[a]lthough stipulations are favored by the judicial system and are generally upheld, . . . a parent may not bargain away a child's right by agreement with a former spouse."); and *Phillips*, 241 Mich App at 23 (setting aside a stipulated order regarding a change in the custody of children because the trial court erroneously "entered the stipulated order to change custody without making any independent determination regarding the best interests of the child pursuant to the Child Custody Act.").[1]

In light of the foregoing cases, we hold that the trial court did not err in declining to follow the provision of the CJOD that considered defendant's change in residence to be a change of circumstance or proper cause necessary to revisit the custody of the children.

### B. PROPER CAUSE OR CHANGE OF CIRCUMSTANCES

Defendant next argues that the trial court erred by agreeing with the referee that defendant had failed to show that there was a proper cause or change of circumstances to warrant further analysis of whether the requested modification was in the child's best interests. *Kuebler*, 346 Mich App at 668-669.

---

[1] In *Napora*, 159 Mich App at 246, this Court found that "the trial court erred by believing that it was required to uphold the stipulation of the parties," as it pertained to the parties' stipulation to a change of custody regarding their minor son.

In this case, the trial court determined that the substance of defendant's motion was requesting a change of custody despite the fact that his motion was titled as a motion regarding parenting time and support.[2] Here, the referee found that the children had an established custodial environment with plaintiff because she had primary physical custody of the children and continued to have such custody at the time his motion was proceeding through the lower court.[3] The record supports this conclusion because the substance of defendant's request sought equal parenting time as well as a division of holidays and extended summer parenting time. Equal parenting time along with dividing holidays and extended summer parenting time would constitute a significant decrease in the children's time spent with mother, thereby altering their established custodial environment. Moreover, while deciding defendant's motion, the referee operated under the assumption that defendant was seeking a parenting-time schedule for SK and EK that was identical with the one he had for LK because the CJOD itself provided little, if any, detail about an established parenting-schedule and there was no prior order addressing parenting time. Modifying the unspecified amount of overnight parenting time with LK provided by the CJOD to equal parenting time with all the children, along with a division of holidays and extended summer parenting time was significant enough to in effect constitute a change of custody. Therefore, the referee, and subsequently the trial court through its affirmation of the referee's recommendation, correctly found that the higher *Vodvarka* standard applied to defendant's request. *Kuebler*, 346 Mich App at 668-669.

The trial court found that defendant's move did not meet this standard, and we do not find that this determination was against the great weight of the evidence. *Id.* at 676. Defendant primarily relied upon the stipulated provision from the CJOD in support of his motion but, for the reasons already discussed, this provision was not binding upon the trial court. As for defendant's change in residence, defendant stated that his new residence was merely "[d]own the road" from where he previously resided with his father. Additionally, his counsel stated that while defendant had been living with his father, defendant exercised parenting time with SK and EK without overnights, and had overnight parenting time with LK. In other words, even prior to the move, defendant was exercising parenting time with the children.

It is true that defendant has his own residence and can now exercise overnights with SK, EK and LK, and the record suggests that he had been doing so for a period of years without issue.

---

[2] "Courts are not bound by the labels that parties attach to their claims . . . because this would exalt form over substance." *Brendel v Morris*, 345 Mich App 138, 149; 4 NW3d 776 (2023) (quotation marks and citations omitted). Instead, courts considers the gravamen of a motion as a whole. *Id*. Additionally, if a request to modify parenting time would alter the established custodial environment, such a motion is essentially for a change of custody. *Lieberman*, 319 Mich App at 84.

[3] "The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c). "An established custodial environment is both a physical and a psychological environment that fosters a relationship between custodian and child and is marked by security, stability, and permanence." *Kuebler*, 346 Mich App at 669 (quotation marks and citation omitted).

However, in recognition of the proper deference afforded to the trial court's determinations, we are not persuaded that such facts clearly preponderate in the opposite direction of the trial court's finding. MCL 722.28; *Kuebler*, 346 Mich App at 653. Such a small move was, as the trial court aptly put, an event that happens in "the normal course of life" under the circumstances of this case. See *id*. at 668-669.

Moreover, defendant appears to misunderstand the nature of child-custody proceedings. To modify any custody or parenting-time order, a party must first establish as a threshold matter proper cause or change of circumstances. *Id*. at 668. The issue presented to the referee, and, later, the trial court, was the threshold matter of whether he established proper cause or change of circumstances to merit the modification. Defendant had a hearing with the referee, and trial court, that constituted a re-visitation of the parenting-time issue, in which he argued why his request to modify parenting time (which was actually a request to alter custody) was warranted. He failed to establish this result was warranted because his request for equal parenting time with all the children, along with a division of holidays and extended summer parenting time, was significant enough to amount to a request for change of custody that must meet the higher *Vodvarka* standard. We disagree with defendant's argument that the trial court's finding that he failed to establish proper cause or a change of circumstances was against the great weight of the evidence. *Kuebler*, 346 Mich App at 673.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace